PEOPLE ex rel. McBRIDE v. ATCHINSON et al.

(Supreme Court, Trial Term, Genesee County. June 18, 1910.)

1. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE—PREFERENCE OF VETERAN FIREMEN—EVIDENCE.

The fact that one is an exempt volunteer fireman within Civil Service Law (Laws 1909, c. 15 [Consol. Laws, c. 7]) § 22, providing for the removal of an exempt volunteer fireman from employment for incompetency or misconduct after hearing, may be shown by other evidence than the certificate provided for by General Municipal Law (Laws 1909, c. 29 [Consol. Laws, c. 24]) § 202.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 593, 594; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE—PREFERENCE OF VETERAN FIREMEN—CLAIM OF PRIVILEGE.

The board of trustees of a village granting to an employé thereof an exempt volunteer fireman's certificate is charged with knowledge that he is an exempt volunteer fireman who had served for five years in the village fire department, so as to possess the qualifications prescribed by General Municipal Law (Laws 1909, c. 29 [Consol. Laws, c. 24]) § 200, and it cannot challenge the sufficiency of the certificate in justification of its act in violating Civil Service Law (Laws 1909, c. 15 [Consol. Laws, c. 7]) § 22, relating to employment of members of volunteer fire departments, nor was the employé who had served the village during the five years as engineer at the municipal waterworks plant required to formally claim his privilege to hold his position until removed for incompetency or misconduct after hearing.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 593, 594; Dec. Dig. § 218.*]

3. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE—"WAIVER" OF PREFERENCE.

One holding the position of engineer at the waterworks plant of a village at pleasure of the board of trustees possessed the qualifications of an exempt volunteer fireman within Civil Service Law (Laws 1909, c. 15 [Consol. Laws, c. 7]) § 22. The village trustees had annually appointed him to the position, and had issued to him an exempt fireman's certificate. Previous to a meeting of the board of trustees, he, as usual, orally requested the village clerk to present his application for reappointment as had been done in the years before when he was not an exempt fireman. The trustees were not misled into the belief that he made no claim to the retention of his position as an exempt fireman. Held, that he did not waive his rights as an exempt fireman holding his position as such for an indefinite term, a waiver being an intentional abandonment of a known right.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 593; Dec. Dig. § 218.*

For other definitions, see Words and Phrases, vol. 8, pp. 7375–7381, 7831, 7832.]

Mandamus by the People, on the relation of Arthur J. McBride, against T. Edward Atchinson and others, President and Trustees of the Village of Batavia, to compel defendants to reinstate relator to the position of engineer at the municipal waterworks plant. Writ issued.

Frank J. Robinson, for relator.
David D. Lent, for defendants.

POUND, J. The relator was first appointed by the board of trustees of the village of Batavia as engineer at the municipal waterworks

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plant about 19 years ago, and annually thereafter, with the exception of one year about 10 years ago, was reappointed, on his application, at the first meeting of each newly elected board of trustees, following the annual election of trustees, at which all village appointments were made, sometimes according to the minutes without term, sometimes for one year, and sometimes at the pleasure of the board, until the meeting held on the 16th day of March, 1910, when another was appointed in his place and placed in his position. No charges of misconduct or incompetency had been made against him. The village charter provides (Laws 1904, c. 442) that the trustees shall have "full authority * * * to appoint and remove at pleasure * * * engineers" at the waterworks.

Relator became a member of Rescue Hook & Ladder Company of Batavia, an incorporated volunteer company of the Batavia Fire Department, on December 4, 1902, and served continuously as an active member thereof until March 20, 1909, when he received an exempt fireman's certificate from the village, pursuant to a resolution passed by the board of trustees, which certificate was signed by the village clerk, the president, the chief engineer, and the secretary of the Batavia Fire Department, which certified that he, having served for five full years as a member of the Batavia Fire Department, had been admitted to and was entitled to "all the honors, benefits and privileges of an exempt fireman." Previous to the meeting at which his successor was appointed, relator, as usual, orally requested the village clerk to present his application for reappointment, as he had done in the years before, when he was not an exempt fireman.

He claims that the appointment of his successor by the board of trustees was a violation of his rights under section 22 of the civil service law (Laws 1909, c. 15 [Consol. Laws, c. 7]) as an exempt volunteer fireman.

It is therein provided:

"No person holding a position by appointment or employment of the state of New York or in the several cities, counties, towns or villages thereof who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the War of the Rebellion, or who is an honorably discharged soldier, sailor or marine, having served as such in the volunteer army or navy of the United States during the Spanish War or who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department, shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employé or appointee to a review by a writ of certiorari."

Defendants allege that relator cannot avail himself of the protection of the section of the civil service law above quoted for the reason that he is not possessed of the qualifications required by article 10 of the general municipal law. Laws 1909, c. 29 (Consol. Laws, c. 24).

Section 204 of said act reads as follows:

"Sec. 204. Qualifications necessary to entitle one to certain exemptions.— No person who became a member of a volunteer fire organization within the state since the first day of January nineteen hundred and two, or who shall thereafter become such member who shall not possess the qualifications prescribed by this article shall be entitled to any of the exemptions and privileges secured to volunteer firemen by the civil service law of this state."

Section 200 of said act reads as follows:

"Sec. 200. Defining qualifications of exempt volunteer firemen.—An exempt volunteer fireman is hereby declared to be a person who as a member of a volunteer fire company duly organized under the laws of the state of New York shall have at any time after attaining the age of eighteen years faithfully actually performed service in the protection of life and property from fire within a territory immediately protected by the company of which he is a member and while a bona fide resident and, if of full age, an elector therein for a period of five consecutive years, or, if such company shall have been sooner disbanded upon the organization of a paid fire department, for a period of at least one year and shall have also been a member of such volunteer fire company at the time it shall have been disbanded; but the limitation of one year's service shall not apply to a volunteer fireman who was a member of a fire company which was disbanded prior to January first, nineteen hundred and two."

Section 202 provides for a certificate to be issued to exempt firemen which shall be presumptive evidence of the facts therein stated.

No claim is made that relator had obtained or filed the certificate provided by section 202 of the general municipal law above quoted, but the undisputed evidence shows that he possessed all the qualifications to entitle him to such a certificate. That certificate is not exclusive evidence of such qualifications, but they may be shown by other evidence.

The board of trustees, having granted relator an exempt fireman's certificate, was chargeable with knowledge that he was an exempt volunteer fireman who had served for five full years in the village fire department. As he had been an employé of the village during all that time, it was also doubtless aware, or, if not, was in a position to ascertain, that relator actually possessed all the qualifications required by section 200 of the general municipal law. It cannot now be heard to challenge the sufficiency of a certificate issued by it within a year prior to the appointment of relator's successor.

It is also urged that relator should have made a formal claim of privilege. It was said in the opinion of the court by Willard Bartlett, J., in People ex rel. Robesch v. President, 190 N. Y. 497, 83 N. E. 597, that:

"It would be requiring too much of the heads of departments in a great municipality like the city of New York, employing thousands of persons in its service, to search the files of the various public offices in order to ascertain whether its servants were or were not veteran soldiers, sailors or volunteer firemen."

This is very far from saying that this relator was bound to make formal claim of privilege. The action of the village board in granting him an exempt fireman's certificate was a clear recognition of privilege by it, and relator had no reason to expect that the body which had asserted and declared his rights would be the first to ignore them.

But it is urged that the relator waived his rights, first, to an indefinite term, and, secondly, to his exempt fireman's privilege by requesting the village clerk, prior to the meeting, to present his application for reappointment. Where the term is definite, as for one year, it has been held that the appointment of a successor at the expiration thereof is not a "removal" within the meaning of the civil service law. Matter of Tiffany, 179 N. Y. 455, 72 N. E. 512. Doubtless relator could waive his rights to the indefinite term and to the exempt fireman's

privilege, and such waiver might be inferred from acts as well as from words. Williams v. Darling, 122 N. Y. Supp. 534. "A waiver is an intentional abandonment of a known right" (Masons' Supplies Co. v. Jones, 58 App. Div. 231, at page 235, 68 N. Y. Supp. 806, at page 809), not mere inadvertent speech or conduct which misleads no one. Relator had no thought of surrendering his rights to an indefinite term as an exempt fireman when he spoke to the village clerk, and it is not claimed on the trial that the village board or any member of it was misled into the belief that relator made no claim to retention as an exempt fireman. The most that can be said of his conduct is that he made it known that he desired to remain on the job. He knew that the board had annually expressed its pleasure in this matter in the past and he had a right to assume that his rights would be respected if the fact were known that he desired to continue in his position. It does not appear that relator had any reason to expect that he would be removed, and, if he had, he knew that the records of the board contained the evidence of his rights. The summary removal of a veteran is illegal, although the appointing power is ignorant of the fact that the appointee is a veteran. Matter of Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697. Even where the veteran becomes aware of the intention of the appointing power to remove him, the fact that his status is known to the appointing power is enough. No further claim of privilege is necessary. People ex rel. Robesch v. President, supra.

The conclusion seems plain. The law protected relator from removal except on charges for misconduct or incompetency. Defendants, while chargeable with knowledge of his rights, removed him summarily by appointing his successor. The law affords slender protection to the exempt fireman if he is compelled to do more to assert his rights than relator has done in this case. He is entitled to reinstatement.

Final order accordingly, with costs.