(139 App. Div. 365.)

## In re PHILLIPS.

(Supreme Court, Appellate Division, Third Department.   June 29, 1910.)

OFFICERS (§ 11*)—APPOINTMENT—CIVIL SERVICE LAWS.

Const. art. 5, § 9, provides that appointments in the civil service of the state and of all civil divisions thereof shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations. Article 10, § 2, provides that all county officers whose election or appointment is not provided for by the Constitution "shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct," and all city, town, and village officers, whose election or appointment is not provided for by the Constitution, "shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose," and all other officers whose election or appointment is not provided for by the Constitution, and all officers whose offices may hereafter be created by law, "shall be elected by the people, or appointed, as the Legislature may direct." Code Civ. Proc. § 126, provides that the board of supervisors of each county, except New York, must appoint a physician to the county jail, to hold office at the pleasure of the board which appointed him, except in the county of Kings, where his term shall be three years. Civil Service Law (Consol. Laws, c. 7) § 9, provides that the civil service of the state and each of its civil divisions shall be divided into unclassified and classified service; that the unclassified service shall comprise all elective offices, all offices filled by election or appointment by the Legislature on joint ballot, all persons appointed by name in any statute, all legislative offices and employés, all offices filled by appointment by the Governor, except officers and employés in the executive offices, all election officers, the head of any government department, and teachers; and that the classified service shall comprise all positions not included in the unclassified service. *Held*, that the office of physician to the Kings county jail is not an elective one, and is within the classified service, although the appointee holds for a fixed term.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

Houghton, J., dissenting.

Appeal from Special Term, Albany County.

Charles A. Phillips applied for a writ of mandamus to Charles F. Milliken and others, composing the State Civil Service Commission. The writ was granted by the Special Term, and the Civil Service Commissioners appeal.  Order reversed, and motion denied.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward R. O'Malley (Everett E. Risley, of counsel), for appellants. Henry F. Cochrane, for respondent.

SMITH, P. J.   The Civil Service Commission has refused to certify the pay roll of the sheriff's office of the county of Kings, as far as it includes an item for the compensation of the relator as physician to the county jail of Kings county, from the 5th day of February, 1908, to and including the 31st day of December, 1909, upon the

ground that this office was within the classified service under the civil service law (Consol. Laws, c. 7), and not exempt, and that the relator's appointment was not in accordance with the requirements of that law.

By section 9 of article 5 of our Constitution it is provided:

"Appointments and promotions in the civil service of this state and of all civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which so far as practicable, shall be competitive."

Section 126 of the Code of Civil Procedure reads:

"The board of supervisors of each county, except New York must appoint some reputable physician, duly authorized to practice medicine, as the physician to the jail of the county. If there is more than one jail they must appoint a physician to each. The common council of the city of New York must appoint a similar physician to the jail of that city and county. The physician to a jail holds his office at the pleasure of the board which appointed him, except in the county of Kings. In that county, the term of his office is three years."

Section 9 of the civil service law reads as follows:

"The civil service of the state, and of each of its civil divisions and cities, shall be divided into the unclassified and the classified service. The unclassified service shall comprise all elective offices; all offices filled by election or appointment by the Legislature on joint ballot; all persons appointed by name in any statute; all legislative offices and employés; all offices filled by appointment by the Governor, either upon or without confirmation by the Senate, except officers and employés in the executive offices; all election officers, the head or heads of any department of the government, and persons employed in or who seek to enter the public service as superintendents, principals or teachers in a public school or academy, or in a state normal school or college. The classified service shall comprise all positions not included in the unclassified service."

The Special Term has directed the commission to certify the compensation of the relator, although he was not appointed in accordance with the requirements of the civil service law, upon the ground, as stated by the Attorney General, and not questioned upon the argument, that this office was an elective office, and therefore within the unclassified service. The statute heretofore recited declares that the board of supervisors shall appoint a jail physician in the several counties of the state. I attach little importance to the use of this expression, as I am clearly convinced that the offices referred to as elective offices within the civil service law are offices filled by election of the voters in some political division of the state, and that no office filled either by election or appointment by the board of supervisors is an elective office within the meaning of the statute. This conviction arises from the ordinary significance that is given to the term "elective offices" by people generally, as well as from the general purposes underlying the constitutional requirement of appointment under civil service regulations wherever practicable. It is not practicable for the designation of an officer elected by the voters at large to be governed by the civil service. It is entirely practicable that the designation of a jail physician, appointed by the board of supervisors, should be governed by civil service regulations. This may be illustrated by the fact that the

office of county superintendents of highways, a position filled by appointment by the board of supervisors (section 30 of the highway law [Consol. Laws, c. 25]) is a classified position in the competitive class under the civil service law. In every county in the state, except in the metropolitan district, this position has been filled by appointment from the list of the names of three persons standing highest· in the competitive examination held by the State Civil Service, Commission. Moreover, it would seem that this question had been settled by the Constitution itself in section 2 of article 10 thereof, which provides:

"All county officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct. All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose. All other officers, whose election or appointment is not provided for by this Constitution, and all officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the Legislature may direct."

These words in the Constitution have greater significance than would be given them in a statute, and would seem to define the distinction between an elective and appointive officer, especially in a statute enacted to carry out some specific provision of the Constitution itself.

It is further contended that this position is not within the civil service because of the fact that it is for a fixed term. This contention has never been judicially passed upon in this state. The contention, however, is not a sound one. While in respect to an office with a fixed term the protection or benefit of the civil service law may not be as great, nevertheless, the appointment to that office may be made strictly in accordance with that law, and to that extent at least will the state have the benefit and protection of that law. The office of county superintendents of highways, referred to above, is for the term of four years.

I recommend, therefore, that the order be reversed, with costs, and that the motion be denied, with $10 costs; this being the sum allowed to the relator by the order appealed from.

Order reversed, with costs. Motion denied, with $10 costs. All concur, except HOUGHTON, J., who dissents.