(173 App. Div. 411)

### McNELES v. BOARD OF SUP'RS OF RENSSELAER COUNTY.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. COUNTIES ⬤⟲67—CIVIL SERVICE—REMOVAL OF VETERAN—STATUTE.
　　Under Civil Service Law (Consol. Laws, c. 7) § 22, as amended by Laws 1910, c. 264, an honorably discharged soldier, having served the United States in the incidental insurrection of the Philippines prior to July 4, 1902, cannot be removed from his position as laborer in the maintenance of a bridge, to which he was appointed by the board of supervisors of Rensselaer county, except upon charges and after a hearing upon them.
　　[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 100–103; Dec. Dig. ⬤⟲67.]

2. COUNTIES ⬤⟲65—CIVIL SERVICE—TEMPORARY APPOINTMENT OF LABORER.
　　Where the board of supervisors of Rensselaer county, by its resolution appointing a laborer to such position in the maintenance of the bridge between Troy and Cohoes, made the maintenance and supervision of the bridge and the employés thereon subject to the county superintendent of highways, while by it the laborers were to perform their work under his direction and control "until further direction in the premises," the appointment of the laborer was not temporary.
　　[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 97, 98; Dec. Dig. ⬤⟲65.]

Appeal from Special Term, Albany County.

Application for mandamus by Michael J. McNeles against the Board of Supervisors of Rensselaer County. From an order denying his application for a peremptory writ, petitioner appeals. Order reversed, and application granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

John J. Mackrell, of Troy, for appellant.
Herbert F. Roy, of Troy, for respondent.

COCHRANE, J. In November, 1914, the board of supervisors of Rensselaer county appointed the appellant to the position of laborer in the maintenance of the bridge between Troy and Cohoes, which bridge had become a free bridge and the maintenance of the same had become a part of the highway system of the counties of Rensselaer and Albany under section 267 of the Highway Law (Consol. Laws c. 25). The appellant performed the duties of his position until January, 1916, when he was removed and another was designated to such position. The appellant is an honorably discharged soldier, having served as such in the incidental insurrection of the Philippines prior to July 4, 1902, and therefore under section 22 of the Civil Service Law, as amended by chapter 264 of the Laws of 1910, cannot be removed except upon charges and after a hearing upon the same.

[1, 2] The main contention of the respondent is that he was temporarily appointed. The position is in fact a permanent one. And it is doubtful whether the board of supervisors could defeat the purposes of the Civil Service Law by the subterfuge of a temporary appointment to a permanent position. But it does not appear that the board by its resolution of appointment attempted to do so. The maintenance and supervision of the bridge and the employés thereon were by said resolution made subject to the county superintendent of highways, and the laborers were to perform their work under his direction and control "until further direction in the premises." But there is nothing in the language of the resolution which gives color to the contention of the respondent that the appointment of the appellant or his continuance in the performance of his duties was dependent on the further direction of the board. In December, 1915, the board attempted to turn over to the city of Troy the control and care of the bridge and the designation of the employés thereon, but it is practically conceded that such effort was without authority, and therefore ineffectual, and nothing in that connection can be held to disturb the tenure of the position of the appellant.

We have carefully considered all the points raised by the respondent, but discover no justification for the summary removal of the appellant.

The order should therefore be reversed, with costs, and the application granted, with $50 costs. All concur.