In the Matter of the Application of BERNARD J. HALLIGAN, Appellant, for a Writ of Mandamus against DELMER RUNKLE, as County Treasurer of Rensselaer County, Respondent.

Third Department, June 30, 1916.

Courts — appointment of court attendants in Rensselaer county — civil service — procedure by "laborer" to compel payment for services — certification by Civil Service Commission condition precedent — remedy of employee or appointee illegally appointed — Civil Service Law construed.

Where the board of supervisors of the county of Rensselaer, acting under the County Law, section 12, subdivision 5, as amended by Laws of 1911, chapter 359, and Laws of 1914, chapter 358, passed resolutions empowering the sheriff to appoint "three court officers" and authorizing the superintendent of the court house and annex to appoint "ten laborers" at three dollars per day, thereby providing an equivalent of thirteen court attendants which the sheriff of said county was entitled to appoint under Laws of 1910, chapter 243, it was proper to recognize only the court attendants selected by the sheriff, because the amendments to the County Law did not divest the sheriff of his power of appointment.

A "laborer" so appointed is in the classified service of the State within the meaning of the Civil Service Law, section 9, and rule I, subdivision 4, and, if a "laborer," is fully comprehended by section 10 of the statute which provides that "No examination or registration shall be required of persons to be employed as laborers in the State service."

Such a "laborer" before he may compel payment by the county treasurer must present a certificate from the State Civil Service Commission, as required by section 20 of the Civil Service Law.

A "laborer" so appointed cannot compel the county treasurer to pay him under section 8 of the Civil Service Law, upon the ground that the officer is liable to him for having illegally appointed him.

The purpose of section 8 of the Civil Service Law is to give a person who has been illegally appointed a remedy against the offending official, requiring him to pay the appointee or employee the compensation agreed upon, and giving the appointee or employee a right of action against such appointing officer for the agreed compensation or actual value of the services; but it was never intended that payment for such agreed compensation or value of services should come out of the funds in the hands of a fiscal officer, such as the county treasurer.

APPEAL by the petitioner, Bernard J. Halligan, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Rensselaer

on the 4th day of April, 1916, denying his application for a writ of mandamus.

*James Farrell*, for the appellant.

*Herbert F. Roy*, for the respondent.

Order affirmed, without costs, on the opinion of HASBROUCK, J., at Special Term.

All concurred, except HOWARD, J., not voting.

The following is the opinion of Mr. Justice HASBROUCK:

HASBROUCK, J.:

There was an election in November, 1914, in the county of Rensselaer whereat a Republican sheriff was elected to take office January 1, 1915, to succeed a Democratic incumbent. Among the powers of the sheriff was that under chapter 243 of the Laws of 1910 (amdg. Laws of 1903, chap. 9, § 8, as amd. by Laws of 1904, chap. 4) of appointing thirteen court attendants to serve during the court. By chapter 359 of the Laws of 1911 the County Law (Consol. Laws, chap. 11 [Laws of 1909, chap. 16], § 12, subd. 5) has been amended so as to confer on the board of supervisors the "power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employee * * * and the mode of appointment, number and grade of * * * assistants or employees in any county office, notwithstanding the provisions of any general or special law * * * providing for the mode of appointment * * * of * * * assistants or employees in any county office."

This provision was substantially re-enacted in chapter 742 of the Laws of 1913 and chapter 358 of the Laws of 1914. Pretending to act under the County Law, on December 15, 1914, the board of supervisors passed resolutions to take effect January 1, 1915, empowering the sheriff to appoint "three court officers" and authorizing the superintendent of the court house and annex to appoint ten "laborers" at three dollars per day. By suffering the sheriff to appoint three court officers and empowering the superintendent of the court house and annex to appoint ten labor-

ers at three dollars per day, there were provided the equivalent of thirteen court attendants above described to aid in conducting the court. It is quite apparent that the scheme of the local resolutions was to take the appointment of the court attendants out of the hands of the incoming sheriff. When court was opened in Troy in January, 1915, it was called to its attention that there were substantially two sets of court attendants, one set appointed by the sheriff and one by the superintendent of the court house and annex. With but a short period for reflection upon the matter, it was decided to recognize the court attendants selected by the sheriff. Such determination seems fully supported by an opinion written by Mr. Justice CHESTER in *Sheldon* v. *MacArthur* (73 Misc. Rep. 575; affd., 148 App. Div. 908), holding that chapter 359 of the Laws of 1911 did not divest the sheriff of the power of appointing certain employees. The enactment of chapter 358 of the Laws of 1914 did not change the law as above declared. This ruling makes it unnecessary here to enter into the consideration of how far the Legislature may regulate the officering of the courts. The applicant for a writ of peremptory mandamus here was one of the laborers appointed by the superintendent of the court house and annex under the resolution of the board of supervisors. He claims to have performed the services and demanded his pay from the county treasurer. The county treasurer has refused to pay him upon the ground that he has not been certified upon an estimate payroll or account by the State Civil Service Commission as required by section 20 of the Civil Service Law of the State (Consol. Laws, chap. 7 [Laws of 1909, chap. 15], as amd. by Laws of 1914, chap. 67). The applicant has demanded such certificate, but has been refused under the following rule:

" Sub. 14. Rule I. The terms ' laborer ' and ' unskilled laborer ' are used synonymously and shall be construed as applying only to persons employed as ordinary laborers, and shall not include mechanics, artisans, tradesmen and other skilled laborers, and no person shall be deemed a ' laborer ' who receives a compensation greater than two dollars for each day of actual service or sixty dollars per month, unless facts relating to the work done by such person are presented to the

Commission showing that such work is that of an ordinary unskilled laborer."

The State Commission based its refusal further on the ground that the letter of the superintendent of the court house and annex revealed that the ten persons appointed were rather "janitors or court attendants." Counsel for the applicant urges that he needs no certificate, that the resolution of the board of supervisors is sufficient warrant for payment by the county treasurer. That would depend entirely upon the status of applicant, whether he was in or out of the "State Service." He could only be "out" where there were no rules or regulations to embrace him. (*People ex rel. Wilson* v. *Knox*, 45 App. Div. 537; *Chittenden* v. *Wurster*, 152 N. Y. 354.)

There can be no question but that he is "in" the classified service of the State (Rule I, subd. 4; Civil Service Law, § 9), and, if a "laborer," fully comprehended by section 10 of the Civil Service Law, which provides: "No examination or registration shall be required of persons to be employed as laborers in the State service." (*Matter of Flaherty* v. *Milliken*, 193 N. Y. 566.)

If this be so, his application for a writ now is premature. A certificate containing the name of the employee, his work and compensation, is a condition precedent to his payment.

The applicant further contends that he needs no certificate; that, having been appointed by the superintendent of the court house and annex under the terms of section 8 of the Civil Service Law, that *officer* is liable to him for having illegally appointed him, and the county treasurer should be required to pay. This contention is so at defiance with the section relied upon as scarcely to require comment. The purpose of that section was to give a person who had been illegally appointed a remedy against the offending official, requiring him to pay the appointee or employee the compensation agreed upon and giving the appointee or employee a right of action against such appointing officer for the agreed compensation or actual value of the services. It was never intended that payment for such agreed compensation or value of services should come out of the funds in the hands of a fiscal officer, such as here the county treasurer. The statute very carefully guards against any such

claim by providing: "No public officer shall be reimbursed by the State or any of its civil divisions for any sums so paid or recovered in any such action." (Civil Service Law, § 8.)

We think the applicant has mistaken his relief and his party. He should show the Civil Service Commission facts relating to the work done, that he was an ordinary unskilled laborer and ask for a certification. A refusal under such conditions might be remedied by the courts. Motion denied.