In the Matter of the Application for an Order of Mandamus by HARRY W. CREGIER, Relator, v. DUTLEY T. HILL, as County Auditor of the County of Schenectady, Respondent. (Action No. 1.)

In the Matter of the Application for an Order of Mandamus by HARRY W. CREGIER, Relator, v. DUTLEY T. HILL, as County Auditor of the County of Schenectady, and the BOARD OF SUPERVISORS OF THE COUNTY OF SCHENECTADY, Respondents. (Action No. 2.)

Supreme Court, Schenectady County, December, 1923 (Received March, 1924).

Public officers — mandamus to compel audit of salary claim — when de facto occupant of public office liable to relator separated from service — Highway Law, section 30, applied — when relator entitled to salary accrued, but unpaid — abolition of office of county superintendent of highways by board of supervisors illegal and void.

A public officer is entitled to his salary whether he performs the service or not, except that, if during his separation from service, his salary has been paid to a *de facto* incumbent of his office, he cannot recover from the municipality, but has a cause of action against the *de facto* occupant for money had and received.

Under section 30 of the Highway Law (Laws of 1909, chap. 30) the board of supervisors of any county may appoint a county superintendent, fix his salary and

**570**     Matter of Cregier *v.* Hill.    Nos. 1 & 2.

Supreme Court, March, 1924.                    [Vol. 122

remove him for malfeasance or misfeasance in office upon written charges after an opportunity to be heard, and unless sooner removed, his term of office shall be four years.

In April, 1921, pursuant to said statute relator was duly appointed county superintendent of highways of the county of Schenectady at a fixed salary of $2,000 per year. On April 16, 1923, he was removed from office on charges and a temporary superintendent appointed on May 8, 1923. Relator having been reinstated by the Appellate Division, on appeal, he was again removed upon practically the same charges, on July 2, 1923, and a temporary superintendent appointed on that day. Immediately upon relator being again reinstated by the Appellate Division the board of supervisors by resolution abolished the office. Upon relator's application for an order of mandamus to compel audit of his claim for salary, *held*, that for the first period relator was entitled to an order for so much of the salary as accrued and was not paid to the *de facto* superintendent to whom the relator must look for the balance of his salary.

The statute by which the office of county superintendent of highways was created not conferring power upon the board of supervisors to abolish the office, the resolution to that effect was void.

Application for order of mandamus to compel audit of salary claim.

*Strong & Golden,* for relator.

*John E. Kelly,* for respondents.

Whitmyer, J.   Relator has commenced two proceedings against respondent, one requiring him to audit his claim for $916.65, with interest, salary as county superintendent of highways, from April 16, 1923, to October 1, 1923, and the other to audit his claim for $83.33, salary from October 1, 1923, to October 15, 1923. The board of supervisors has been brought into the second proceeding, by order of the court, so that there may be a complete determination of the questions involved therein. Relator was appointed county superintendent in April, 1921, and his salary was fixed at the sum of $2,000 per year. He was appointed pursuant to the provisions of Laws of 1909, chapter 30, section 30, which authorized and empowered the board of supervisors of a county to create the office, fix the bond, fix the salary, and remove the officer for malfeasance or misfeasance in office, upon written charges, after an opportunity to be heard, not less than five days after the service upon the officer of a copy of the charges. And the act provided that the term should be four years, unless he was sooner removed by the board, as provided by the act, namely, for malfeasance or misfeasance. He was removed upon charges on April 16, 1923, and a temporary superintendent was appointed on May 8, 1923, to act until such time as a permanent appointment should be made, but he was reinstated by the Appellate Division, upon appeal. He was again removed upon practically the same charges, on July 2, 1923, and a temporary superintendent was appointed on that day to act until an eligible list should be presented to the board by

the state civil service commission, but he was again reinstated by the Appellate Division. Immediately, the board passed a resolution abolishing the office. The sum of $706.75 was paid to the temporary superintendent as his salary during the time of his service. It was paid to him as " acting county superintendent of highways." The balance of $209.90 has not been paid to any one. The facts are not disputed. The questions are of law. Relator is a public officer. The salary of such an officer is an incident of his office and he is entitled to it, whether he performs the services or not, except that, if it has been paid to a *de facto* occupant of his office, during the period of his separation from service, he cannot recover from the municipality, but has an action against the *de facto* occupant for money had and received. *Dolan* v. *Mayor*, 68 N. Y. 274, 279, 282, 283; *Sutliffe* v. *City of New York*, 132 App. Div. 831. The situation is not changed by the facts that the *de facto* officer was appointed as temporary superintendent and that the salary of the office was paid to him as acting superintendent, because he performed the duties and received the salary of the office for the time during which he acted and was the *de facto* superintendent during that time. It follows, so far as relates to the first period, that relator is entitled to an order for so much of the salary as accrued and was not paid to the *de facto* superintendent, namely, the sum of $209.90, and that he must look for the balance to such superintendent, who may, perhaps, if he desires, require those who placed him in the position to reimburse him. The resolution abolishing the office was, clearly, without authority and is void. The act creating it did not confer power upon the board of supervisors of a county to abolish it. That may be done by the legislature only. So that relator is entitled to the salary which has accrued since his final reinstatement. Orders accordingly, with fifty dollars costs in each proceeding.

Ordered accordingly.