In the Matter of the Application of WYMAN D. JACOBS, Petitioner, for a Mandamus Order against THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY, Respondent.

Supreme Court, Rensselaer County, March 7, 1932.

*Frank E. McDuffee,* for the petitioner.

*T. Stewart Hubbard,* for the respondent.

RUSSELL, J. An application has been made to this court for a peremptory order of mandamus commanding the board of supervisors of Rensselaer county, among other things, to continue the petitioner as jail physician for Rensselaer county and to place his name on the payroll of Rensselaer county as such jail physician.

The applicant's appointment has its origin in section 501 of the Correction Law. This section directs the board of supervisors to appoint a jail physician and provides that when appointed he holds his office at the pleasure of the board. The courts have consistently held that " at the pleasure " means a term of office that is indefinite as to time.

Subdivision 2 of section 22 of the Civil Service Law (as amd. by Laws of 1924, chap. 612) provides that " No regular clerk or head of a bureau or other officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for reasons stated in writing, and the person whose removal is sought shall have notice of such proposed removal, and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing." No reasons in writing and no notice were served.

Article V, section 6, of the Constitution of the State of New York provides as follows: " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which so far as practicable, shall be competitive; * * *. Laws shall be made to provide for the enforcement of this section." The Civil Service Law was enacted in accordance with the spirit and intent of this article of the Constitution.

The petitioner is in the competitive class and was never given an opportunity of making an explanation. No basis of removal was assigned except the special laws of 1901 and 1904 relating to the county of Rensselaer. These laws have no application to the status of the petitioner's position. His term was indefinite and, therefore, required charges in writing and notice thereof presented to him. (*Matter of Tiffany,* 179 N. Y. 455.) " There must be some substantial grounds for removal involving fitness and character or dereliction of duty, or the statute would be a nullity."

His position fell strictly within the requirements of subdivision 2 of section 22 of the Civil Service Law and his removal, therefore, was unlawful. (*People ex rel. Van Tine* v. *Purdy*, 221 N. Y. 396, 399; *Matter of Crowley* v. *Fowler*, 217 App. Div. 16, 18.)

The very purpose of the Civil Service Law is to perpetuate efficiency. If special statutes could override the origin of their appointive power it might not take long to exterminate the inviolability of a law clothed with sound principles and good intent.

The question has been raised with respect to the applicant's failure to take and file an oath. The moving and answering papers reveal the fact that the applicant did take and file an oath. The oath was taken and filed between twelve o'clock noon and twelve-fifteen o'clock in the afternoon on the 12th day of January, 1932. The board that appointed another jail physician did not organize and appoint another jail physician in place and stead of Wyman D. Jacobs, M. D., until three o'clock in the afternoon on that day.

Section 30 of the Civil Service Law (as added by Laws of 1917, chap. 574) provides for the taking of an oath and also for the failure to take an oath. Where the person holding office has failed to take an oath the following provision is made: " The failure of such employee to take and file such oath shall terminate his employment until such oath shall be taken and filed as herein provided.", The applicant in this proceeding has met the requirements of the statute.

The application for a peremptory order of mandamus is, therefore, granted, with costs.

Submit order.