In the Matter of the Application of WYMAN D. JACOBS, Respondent, for an Order of Mandamus against THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY, Appellant.*

Third Department, July 1, 1932.

*T. Stewart Hubbard*, for the appellant.

*Frank E. McDuffee*, for the respondent.

VAN KIRK, P. J. The petitioner is a physician and surgeon duly licensed to practice. He is not an honorably-discharged soldier, sailor or marine, nor a member of a voluntary fire department. On January 12, 1926, he was provisionally appointed jail physician. On May 22, 1926, he passed an examination for the position of jail physician and on June 10, 1926, received notice from the civil service commission that he had passed his examination and stood first on the list. He continued in this position until January 12, 1932, on which date, at three o'clock in the afternoon, without other action in regard to this petitioner, he was displaced by the appointment of another to the position he had held. Since January twelfth the petitioner has daily reported for service at the county jail, but was denied by the sheriff opportunity to serve and his name has not been on the payroll for the county of Rensselaer.

*Modfg. 143 Misc. 30.

He has petitioned for a peremptory mandamus directing the board of supervisors of Rensselaer county to continue petitioner as a jail physician and to place his name on the payroll as such physician, or for an alternative mandamus order. A peremptory mandamus was ordered. This is an appeal from that order.

The position of jail physician is in the classified service, competitive class (*Matter of Phillips,* 139 App. Div. 365; affd., 200 N. Y. 521); and he holds his office at the pleasure of the board. (139 App. Div. 366; Correction Law, § 501, as amd. by Laws of 1929, chap. 243.) In *Ryan* v. *Vars* (224 App. Div. 773) petitioner Ryan held his position as " watchman of the county court house and court house annex." We held that he held his position for a definite term; that he was a legislative employee and had no standing in the classified service to demand any right to permanent employment; as such his term of employment could not extend beyond the legislative term of boards of supervisors. In that case the peremptory mandamus was denied and we affirmed. Under section 22, subdivision 2, of the Civil Service Law (as amd. by Laws of 1924, chap. 612) the jail physician, holding a position in the competitive class, may not be removed except for reasons stated in writing and notice be given to him of such proposed removal and the reasons therefor in writing, with a copy of the charges, and until he has been allowed a reasonable time for answering the same in writing. No such notice or charges in writing have been served upon the petitioner. Therefore, if he was rightfully in his office on the facts as above stated, he was not properly removed and should be reinstated. Our holding in *Ryan* v. *Vars* would not be controlling.

But it is contended that petitioner never legally occupied his position because he had not taken and filed the oath. Section 30 of the Civil Service Law (added by Laws of 1917, chap. 574) requires that one holding the position occupied by the petitioner must take the constitutional oath and file it in the clerk's office of the county, and that his failure to take and file such oath shall terminate his employment until such oath shall have been taken and filed as herein provided. Petitioner insists that he filed his oath about noon on January 12, 1932; that is, before his successor was appointed on that day. A deposition taken contains evidence tending to show that he had taken the oath and it was filed in the clerk's office, but no such oath is found in the files of the clerk's office of Rensselaer county. Here is a dispute of fact which should be tried before a peremptory mandamus order is granted.

The petitioner also alleges that he was designated for an indefinite period. In the answering affidavit it is stated that he was first designated January 12, 1926, for a period of two years or until his successor was appointed. We find no such resolution in the record,

but apparently this statement is made because of the provisions in the special statute in relation to the board of supervisors of Rensselaer county. (Laws of 1901, chap. 124, as amd. by Laws of 1904, chap. 217.)

In my view, this special act, as amended in 1904, does not fix the term of an officer or of an employee in an office filled by appointment.

The County Law, section 12, subdivision 5 (as amd. by Laws of 1914, chap. 358), grants to a board of supervisors power to fix " the term of office and mode of appointment, number and grade of any appointive county officer and of * * * employees in any county office, except an officer or employee of a county tuberculosis hospital, notwithstanding the provisions of any general or special law fixing the amount of such salary or compensation or the time or manner of payment thereof, or fixing the term of office or providing for the mode of appointment, number or grade of any such county officer or of the clerks, assistants or employees in any county office, or vesting in any other board, body, commission or officer authority to fix such term of office; * * * and the power hereby vested in the board of supervisors shall be exclusive of any other board, body, commission or officer * * *." This section was enacted and has been amended since the act of 1901, as amended in 1904.

It seems to me that it gives the power exclusively to fix the term of office of any appointive county officer or employee in an office filled by appointment, and that the special act, as amended in 1904, is not controlling; that the board of supervisors must in each case fix the term of office of any appointive officer or appointee or employee in such office. A jail physician " holds " an office. (Correction Law, § 501.) He is an " appointive county officer."

The order of the Special Term should be modified so as to grant the petition to the extent of directing an alternative order of mandamus, with costs to abide the event. (*Poucher* v. *Berry*, 249 N. Y. 16, 20.)

Questions of fact are to be determined as follows: (1) Whether petitioner has taken and filed the constitutional oath as required in section 30 of the Civil Service Law; (2) whether the board appointed the petitioner for a fixed or indefinite term as authorized by section 12, subdivision 5, of the County Law.

HINMAN and RHODES, JJ., concur; HILL, J., concurs except as to the submission of the second question of fact; MCNAMEE, J., not voting.

Order modified in accordance with opinion and as so modified affirmed, with costs to abide the event.