In the Matter of the Application of Byron W. Stowe, Appellant, for an Order of Mandamus against The Board of Supervisors of Rensselaer County, Respondent, Impleaded with John J. Diviney, Defendant.*

Third Department, July 1, 1932.

*Herbert F. Roy*, for the appellant.

*T. Stewart Hubbard*, for the respondent.

* Revd., 260 N. Y. 662.

HILL, J. Appellant has been in the employ of the county of Rensselaer as a laborer engaged in tending the Waterford-Troy bridge since in the month of January, 1928. The board of supervisors of the county sought to remove him by electing and appointing another to perform that work. He is an exempt volunteer fireman, and, if his employment is classified under the Civil Service Law, is entitled to be continued until removed on charges preferred as provided in that law. (§ 22, subd. 1, as amd. by Laws of 1930, chap. 214.) His application for a peremptory mandamus order reinstating him has been denied by the Special Term. The appeal is from that order.

The bridge upon which appellant worked was formerly a toll bridge. It had been made free as described in section 267 of the Highway Law (added by Laws of 1909, chap. 146) which provides in part: " Upon the acquisition of any toll bridge as provided in this article, the board * * * of supervisors of the county * * * shall * . * * maintain the same as a part of the highway system of said county." The supervisors maintain highways by appropriating money which is expended under the general direction of a superintendent of highways appointed by them under the Highway Law (§ 30, as amd. by Laws of 1923, chap. 428). He is stated to " have the general charge of all highways and bridges within his district or county and see that the same are improved, repaired and maintained, as provided by law." (Highway Law, § 33, subd. 1.) Appellant had been employed by the board and placed under the control and direction of the superintendent of highways for work on the bridge. His first appointment had been renewed in January, 1930. The political complexion of the board changed on January 1, 1932, and an attempt was made to treat this position as one of the spoils of political victory to be filled by majority vote. At a meeting of the supervisors held on January 12, 1932, a resolution was adopted that two laborers be appointed for work upon the bridge, and a supervisor representing the majority party on the board placed in nomination for the two positions the respondent Diviney and another, and a supervisor representing the minority placed in nomination the appellant Stowe and another. Diviney and his running mate each received twenty votes, the appellant and his running mate eleven votes. The Diviney ticket was declared elected and appointed and the appellant dropped from the county payroll.

Except as to those positions enumerated in section 9 of the Civil Service Law (as amd. by Laws of 1927, chap. 440), all appointments and promotions in the civil service of the State or of any of its subdivisions are to be made, and the employment is to be continued,

as provided by that law. It has been determined that a county superintendent of highways is a civil service employee and may not be removed by the board of supervisors during the term of office fixed by statute except for malfeasance in office. (*Matter of Cregier* v. *Cassidy*, 206 App. Div. 807; *sub nom. Matter of Cregier* v. *Hill*, 122 Misc. 569; *Matter of Phillips*, 139 App. Div. 365.) Also, a laborer working in the civil service within a county (*Matter of Halligan* v. *Runkle*, 174 App. Div. 497); and directly in point here a laborer employed by the county of Rensselaer working as a bridge tender the same as the appellant except upon a different bridge. (*Matter of McNeles* v. *Board of Supervisors*, 173 App. Div. 411; affd., 219 N. Y. 578.) The acceptance by appellant of reappointment in 1930, at the end of his first two years of service, was not a waiver of his right to continuous employment. (*People ex rel. McBride* v. *Atchinson*, 68 Misc. 115, opinion by Judge POUND; *Matter of McNeles* v. *Board of Supervisors, supra*.) The opinion in the last cited case states (p. 412): " The position is in fact a permanent one. And it is doubtful whether the board of supervisors could defeat the purposes of the Civil Service Law by the subterfuge of a temporary appointment to a permanent position."

The respondent argues that this court should disregard its decision in the *McNeles* case and the affirmance thereof by the Court of Appeals because consideration was not given to a law which is described as a " special statute relative to Rensselaer county." This is chapter 124 of the Laws of 1901, as amended by chapter 217 of the Laws of 1904. The title of the 1901 act is, "An Act to regulate certain proceedings of the board of supervisors of Rensselaer county." Its provisions have to do with the meetings of the board, and the manner of presentation and audit of claims against the county. The title of the 1904 amendment is, "An Act to amend chapter one hundred and twenty-four of the Laws of nineteen hundred and one, entitled [the former title is repeated]." The amendment has to do with the organization of the board, the election of its chairman and clerk, the appointment of an attorney and other officers of the board. The respondent's answer states " that the provisions of the Civil Service Law of the State of New York, by virtue of the special statute relative to Rensselaer county do not apply to the county of Rensselaer as a municipal corporation of the State of New York." The " special statute " (§ 1) states, " The chairman, the clerk and all other appointees of the board shall serve for two years from the date when their appointment takes effect, and until a successor has been appointed and has duly qualified." The meaning to be given the general words in that sentence is limited by the language and purpose of the statute.

The two-year term mentioned applies only to the officers named, and not to general employees of the county doing work disconnected with the functioning of the board. The labor of the appellant was for the general public in maintaining a part of the highway system. " It is a rule of construction that when a particular class is spoken of and general words follow, the class first mentioned is to be taken as the most comprehensive and the general words treated as referring to matters *ejusdem generis* with such class." (*Bristor* v. *Smith*, 158 N. Y. 157.) (See, also, *Wakefield* v. *Fargo*, 90 id. 213; *Case* v. *First National Bank*, 59 Misc. 269.)

Civil service reform in this State was originally effected by statute. (Laws of 1883, chap. 354.) The constitutional provision, formerly section 9, now section 6 of article 5, was one of the new provisions of the Constitution of 1894, and went into effect January 1, 1895. It was probably written into the Constitution because of a decision by the Court of Appeals in 1888. (*People ex rel. Killeen* v. *Angle*, 109 N. Y. 564.) The Constitution then provided that all the employees of a certain class working upon the canals " shall be appointed by the Superintendent of Public Works and be subject to suspension and removal by him." (Art. 5, § 3.) It was decided that the power granted by the Constitution could be exercised by the Superintendent of Public Works without observing the statutory requirements contained in the Civil Service Law. *Matter of Seeley* v. *Stevens* (190 N. Y. 158) was decided after the civil service provision had been written into the Constitution and while the above Superintendent of Public Works' provision was also in the Constitution. It had to do with the attempted removal of a veteran by the Superintendent without charges being preferred. It was decided that the civil service constitutional and statutory enactments had to do not only with appointments but likewise with permanency of tenure, and the power of removal and suspension granted to the Superintendent was to be exercised as prescribed in the civil service statute. It did not deny to him the power of removal, but held that the removal could be made only for cause after a hearing as provided in the Civil Service Law. (*Stevens Case*, p. 164.) In determining that the Civil Service Law applied as well to permanency of tenure as to appointments and promotions, the *Stevens* case cited and approved *People ex rel. McClelland* v. *Roberts* (148 N. Y. 360) and *Matter of Stutzbach* v. *Coler* (168 id. 422). There being no term of office fixed by statute, as to the position held by applicant, the Civil Service Law applies as to appointment, promotion and permanency of tenure.

The attempted removal of appellant cannot be justified under section 12, subdivision 5, of the County Law, or section 27, article

3, of the New York State Constitution. The constitutional provision has not been changed materially since 1846, and the County Law, in so far as it applies, has been in the same form since 1913. The authority of the board of supervisors purporting to act thereunder in matters quite similar to these here involved was considered in *Matter of Halligan* v. *Runkle* (*supra*), and *Sheldon* v. *MacArthur* (73 Misc. 575; affd., 148 App. Div. 908). This section of the County Law gives to the supervisors " power to fix the amount and the time or manner of payment of the salary or compensation of any county * * * employee; " also the power to fix " the term of office and the mode of appointment " of " any appointive county officer " and " the clerks, assistants or employees in any county office." The only power given as to employees is to fix the amount of compensation and the time and manner of the payment thereof. The position held by appellant is not one of those as to which the board may fix the term or mode of appointment.

*Matter of Tiffany* (179 N. Y. 455) is not in conflict. There the court was dealing with a statute passed in 1886, before the civil service section was placed in the Constitution. Charters granted or laws passed previous to the adoption of a constitutional provision are unaffected thereby. (N. Y. State Const. art. 1, § 17.) " The sole object of that constitutional provision was to leave the charters referred to intact so far as the operation of the Constitution itself was concerned." (*Demarest* v. *Mayor*, 74 N. Y. 161.) *Matter of Ryan* v. *Vars* (224 App. Div. 773) is not an authority in this case. Ryan was decided by us to be a legislative employee and, therefore, in the unclassified service and not subject to the Civil Service Law.

The order should be reversed on the law, with costs, and the motion for a peremptory mandamus order granted, with fifty dollars costs.

All concur; VAN KIRK, P. J., with a memorandum; except HINMAN, J., who dissents, with an opinion; McNAMEE, J., not voting.

VAN KIRK, P. J. (concurring). The petitioner was a bridge tender and not a legislative employee. The fact alone that an incumbent is appointed or elected by a legislative body is not conclusive. To be a legislative employee his main duties must in some manner be connected with the functioning of a legislative body. (*Matter of O'Grady* v. *Polk*, 132 App. Div. 47; *People ex rel. Martin* v. *Scully*, 56 id. 302.) In *Matter of Ryan* v. *Vars* (224 App. Div. 773) the petitioner was held to be a legislative employee, being a watchman in the court house which was the home of the legislative body, and was performing duties directly related to the functioning of that body; he was, therefore, in the unclassified

service. Stowe, the petitioner in this case, was in the classified service, as was the petitioner in *Matter of Mc Neles* v. *Board of Supervisors* (173 App. Div. 411; affd., 219 N. Y. 578).

HINMAN, J. (dissenting). By resolution of the board of supervisors of Rensselaer county, adopted in 1928, petitioner was appointed for a term of two years as laborer, his duties being that of bridge tender of the Waterford-Troy bridge under the orders of the Rensselaer county superintendent of highways. He was reappointed for two years by a resolution of the board in 1930. On the 12th day of January, 1932, the board, by resolution adopted, appointed one John J. Diviney to this position formerly held by petitioner. Thereupon the petitioner made application for a mandamus order to compel the board to restore him to his position on the ground that being an exempt volunteer fireman he is entitled to the protection of section 22 of the Civil Service Law, prohibiting his removal except after a hearing upon due notice upon stated charges; that he was removed without hearing and without charges being preferred; and that the position was a permanent one in the civil service notwithstanding the purported action of the board in limiting his term of employment to two years. His application was denied, and from the order of denial this appeal was taken.

In *Matter of Buehler* v. *Board of Suprs. of Rensselaer County* (236 App. Div. 747), considered and decided herewith, the appellant Buehler was an engineer and fireman in the court house at Troy, N. Y., having served in said position since January 12, 1926. He claimed to be in the competitive class of the civil service, having taken a competitive civil service examination conducted by the Civil Service Commission of the State and was chosen from the eligible list of the State civil service. He was also a veteran of the World War. Without the preferring of any charges or any hearing having been afforded him, another was appointed in his place after the expiration of the period of his appointment. When he was appointed, the resolution of the board of supervisors, which was the appointing body, expressly made his term a period of two years. The appellant Buehler is likewise appealing from an order denying his application for a mandamus order to compel the board to reinstate him.

In *Matter of O'Brien* v. *Board of Suprs. of Rensselaer County* (236 App. Div. 748), also decided herewith, the petitioner O'Brien appeals from an order denying his application for a mandamus order to compel the board of supervisors of said county to reinstate him in his position as watchman in the court house at Troy. O'Brien was an exempt fireman and a veteran and had been appointed from the eligible list of the State civil service, having passed a com-

petitive civil service examination. He had been similarly appointed by the board of supervisors for a definite period of two years and at the expiration of the period of appointment another was appointed in his place without a hearing and without charges having been preferred. An order of mandamus to compel his reinstatement was likewise denied and he has appealed from that order. The three cases may be considered together.

It is unquestioned that each new board of supervisors of Rensselaer county has for many years assumed to limit the term of the appointees to the three positions in question, in the three appeals before us, to two years. It was given authority to do so as to " all other appointees of the board " (Laws of 1904, chap. 217, amdg. Laws of 1901, chap. 124, a special act relative to Rensselaer county). By subdivision 5 of section 12 of the County Law, enacted pursuant to the county home rule provision of the Constitution (N. Y. State Const. art. 3, § 27), any board of supervisors has been empowered to fix " the term of office and mode of appointment, number and grade of any appointive county officer and of the clerks, assistants or employees in any county office [with an exemption not material here] notwithstanding the provisions of any general or special law " fixing such term or providing the mode of appointment, etc. The Legislature has made no special provision of law specifically creating the positions involved in these appeals.. It was the special duty of the board to maintain the bridge (Highway Law, § 267) and to have the care and custody of the court house (County Law, § 12, subd. 1). For many years each new board of supervisors in Rensselaer county has enacted a rule that conforms exactly with the said provisions of chapter 217 of the Laws of 1904, limiting the term of appointees of the board to two years. The resolutions of the board appointing the petitioner herein and the petitioner in each of the other two proceedings, respectively, expressly limited the appointments to the definite term of two years.

The limitation of these appointments to a definite term was valid unless the civil service provisions of the Constitution rendered it invalid or unless the apparent power of the board under the local statute or under the home rule provisions of the County Law may not be exercised because of the provisions of section 22 of the Civil Service Law limiting the power of removal. The civil service provisions of the Constitution (Art. 5, § 6) are confined to " appointments and promotions in the civil service  *  *  *  according to merit and fitness." There is no provision therein prohibiting appointments for a definite term, provided such appointments are made according to merit and fitness. The statutes under which

the board of supervisors acted to limit the term were not repealed by implication by the Civil Service Law because not inconsistent. Both may be harmonized and each enforced without conflict. The board may appoint for a definite term provided appointments are made according to merit and fitness pursuant to the Civil Service Law. Removals of such appointees during the term of appointment may only be made in accordance with section 22 of the Civil Service Law. After the term has expired, the appointment of a successor does not constitute a removal and the person whose term has expired has no grievance under section 22 of the Civil Service Law. (*Matter of Tiffany*, 179 N. Y. 455; *Matter of Williams* v. *Darling*, 67 Misc. 205, 208; *Matter of Ryan* v. *Vars*, 224 App. Div. 773.) The case of *Matter of McNeles* v. *Board of Supervisors* (173 App. Div. 411; affd., 219 N. Y. 578) does not appear to be binding authority here, because the statutes here relied upon were not before the court and it did not appear that the board by its resolution of appointment in that case attempted to appoint for a definite term. In fact, the resolution provided that the appointees in that case were to perform their work under the direction of the county superintendent of highways " until further directions in the premises."

The resolution of the board appointing the petitioner in each of these three proceedings having definitely fixed the term and having had authority so to do under subdivision 5 of section 12 of the County Law, I vote to affirm in each case.

Order reversed on the law, with costs, and motion for peremptory mandamus order granted, with fifty dollars costs and disbursements.