In the Matter of the Application of SETH M. GOOLD, Petitioner, for a Mandamus Order against HERBERT J. VOSBURG, Mayor, and Others, Trustees, Composing the Village Board of the Village of Brockport, a Municipal Corporation, Respondents.

Supreme Court, Monroe County, August 30, 1934.

*Henry E. MacArthur*, for the petitioner.

*Eugene F. Lester*, for the respondents.

TAYLOR (MARSH N.), J. Petitioner, an honorably discharged volunteer fireman and the holder of an exempt fireman's certificate duly issued to him by the trustees of the village of Brockport, N. Y., is entitled to such protection as is afforded by section 22 of the Civil Service Law. Pursuant to annual appointments by each succeeding board of trustees and after eleven years of continuous

service as day janitor of the building owned and maintained by said village for general village purposes, he has been discharged from his employment and another appointed in his place. No charge of incompetency or misconduct was made against him; the mayor. of the village merely notified him that his employment would terminate on May 1, 1934.

Petitioner asserts that such termination of his employment contravenes the provisions of said section 22 of the Civil Service Law. The village trustees attempt to justify their failure to continue him in the position upon two grounds: (1) That said section 22 does not apply to employees of the village of Brockport, and (2) that petitioner was not removed from his position but that his employment ceased by reason of the expiration of the term for which he was appointed.

In respect to the first ground, it is argued by the defendants that the fact that the State Civil Service Commission has not extended its rules to the village of Brockport, excepts employees of the said village from the protection afforded by said section 22. The Civil Service Law, however, contains no such limitation; the provisions of section 22 are broad and general in application and apply to any person " holding a position by appointment or employment in the State of New York or in the several  *  *  *  villages thereof  *  *  *  who shall have served the term required by law in the volunteer fire department of any city, town or village in the State."

While the Commission has the power to make rules for the classification of the employments in villages, it is only required to make such rules " as after due inquiry by the Commission, shall be found practicable." (Civ. Serv. Law, § 10.) That the Commission has not made rules for, or extended existing rules to, the village of Brockport indicates only that such action has not been found practicable and in no wise affects petitioner's immunity from removal " except for incompetency or misconduct shown after a hearing upon due notice upon stated charges." (Civ. Serv. Law, § 22.)

The remaining contention of the defendants, viz., that petitioner's severance from his employment was not a removal but was the result of the expiration of his term of employment, cannot be sustained. The position of janitor is not one of special or limited employment; it is not enumerated in the Village Law among the offices or positions for which a definite term is prescribed. The position is a subordinate one and, in the absence of a statutory provision fixing a definite term, the term of employment is indefinite.

*Matter of Tiffany* (179 N. Y. 455), relied upon by the defendants, is readily distinguishable. There the term of a police officer of

the city of Jamestown was fixed by the city charter; here the corporate powers of the village of Brockport are derived from the provisions of chapter 64 of the Consolidated Laws (Village Law) which, as stated above, contain no provision fixing a definite term for the position of janitor. The facts in this case are not distinguishable from the case of *People* v. *Atchinson* (68 Misc. 115), in which Judge POUND, then on the trial bench, in considering a demand for reinstatement, made by the engineer of the municipal water works of the village of Batavia, said: " The conclusion seems plain. The law protected relator from removal except on charges for misconduct or incompetency. Defendants, while chargeable with notice of his rights, removed him summarily by appointing his successor. The law affords slender protection to the exempt fireman if he is compelled to do more to assert his rights than relator has done in this case. He is entitled to reinstantement."

In *Matter of Fornara* v. *Schroeder* (261 N. Y. 363) the Court of Appeals, in an opinion by Judge POUND, has held that positions in the exempt class of the classified civil service are included under the provisions of said section 22.

In view of the foregoing, it is my conclusion that petitioner was unlawfully removed. He is entitled to be reinstated and to be paid his salary from the date of his removal.

An order in accordance herewith may be submitted for signature by the attorney for petitioner.