In the Matter of ROBERT BROWN, Respondent, for a Mandamus Order against HENRY C. STEPHAN, as Mayor, and Others, Appellants.

Fourth Department, November 7, 1935.

*Levant D. Lester*, for the appellants.

*Harry A. Kulowski* [*J. Clement Johnston* and *Adrian Block* of counsel], for the respondent.

LEWIS, J.   The petitioner entered the service of the village of Lancaster, N. Y., June 30, 1931, as a meter reader and repairman in the department of public works and was so employed until April 2, 1935, when he was summarily dismissed without being charged with incompetency or misconduct and without a hearing. In this proceeding he invokes the right to a hearing before dismissal, which he claims should have been accorded to him as an exempt volunteer fireman under the provisions of section 22 of the Civil Service Law.

Upon appeal from a peremptory order of mandamus which directs petitioner's reinstatement, the trustees of the village and its superintendent of public works assert that the record now before us fails to show that petitioner has served five consecutive years as a volunteer fireman under conditions prescribed by section 200 of the General Municipal Law and accordingly that he is not entitled to the benefits afforded by the Civil Service Law.   We believe the argument disregards section 114 of the Membership Corporations Law which on April 2, 1935, the date of petitioner's dismissal, provided as follows:

" § 114.   Firemen's exemption.   Every active fireman who shall be a member of a corporation subject to the provisions of this article, or who shall have served five years as a member of such a corporation and shall have been honorably discharged therefrom,

shall be entitled to all the rights granted by law to volunteer firemen or to exempt firemen."

The answering affidavit admits that petitioner has been a member of the duly incorporated Citizens Hose Company of Lancaster. In addition we note an exhibit annexed to the petition which is in the form of a certificate, signed by the village clerk and its fire chief, which states that the petitioner " has faithfully served for the period of five years as an active member of the Citizens Hose Company, Lancaster, N. Y. Fire Department and is entitled to all privileges and exemptions conferred by law upon exempt firemen."

We regard this proof as sufficient to qualify the petitioner as an exempt volunteer fireman within the provisions of the statute last quoted.

The further point is made that having failed at the time of his dismissal to give notice to his employer of any rights which he claimed under the Civil Service Law as an exempt volunteer fireman, the petitioner waived his rights to the hearing required by statute. The record before us shows that the village official who discharged the petitioner was appointed the day before the latter's dismissal. There was accordingly but a brief time, if any, within which the petitioner could have been aware of his impending discharge. Notwithstanding this circumstance, the petitioner reported daily for duty over a period of six days after his discharge. On the sixth day, April 8, 1935, he filed with the village clerk a formal, written notice which tendered his services to the village and gave specific notice that he was entitled to retention in service by reason of the provisions of the Civil Service Law. These facts do not indicate that the petitioner slept upon his rights.

Furthermore, the petitioner cannot be charged with having waived those rights when the fact is of record that the village, which had summarily discharged him without charges or a hearing, had previously awarded him, under its official seal, an exempt fireman's certificate upon which is inscribed the statement that he is " entitled to all privileges and exemptions conferred by law upon exempt firemen." It has been ruled under a similar state of facts that the municipality and its officials were thus charged with knowledge of petitioner's status as an exempt volunteer fireman. (*People ex rel. McBride* v. *Atchinson*, 68 Misc. 115, 118, POUND, J.; affd., 142 App. Div. 927.) We have not overlooked the case of *Matter of Morgan* v. *Smith* (224 App. Div. 203) and other cases cited by the appellants upon this point, the facts of which clearly distinguish them from the case at bar and make their rulings inapplicable to the issue now before us.

Finally it is argued in opposition to the petitioner's reinstatement that his employment was for a definite period, viz., week to week, as distinguished from an indefinite term, and that as his period of service ended weekly, the village authorities were under no duty to re-engage him but could legally dismiss him without regard to the requirements of the Civil Service Law. Our conclusion is to the contrary. Payment of wages on a weekly basis over a period of nearly four years does not necessarily import a weekly hiring. The underlying purpose of the Civil Service Law cannot be thus defeated. (*People ex rel. McBride* v. *Atchinson, supra*, pp. 118, 119; *Matter of Goold* v. *Vosburg*, 152 Misc. 599, 600; affd., 243 App. Div. 679; *Matter of McNeles* v. *Board of Supervisors*, 173 id. 411.) In this connection we note that the answering affidavit admits that petitioner was appointed June 30, 1931, by the superintendent of public works whose authority was derived from a resolution of the village board adopted April 2, 1928, which gave him charge over the village water systems and authorized him to " employ the requisite laborers and direct them as to the time and manner of the execution of their work and to certify to the Board of Trustees, when required, the names of all persons who have been so employed, the rate of compensation and their term of service, *all employees hereunder being removable at the pleasure of said Board.*" This power of removal was, of course, subject to any applicable provision of the Civil Service Law. The rule prevails that where an employee is removable " at pleasure," the term of his employment is indefinite. (*Matter of Jacobs* v. *Board of Supervisors*, 143 Misc. 30; modfd. and affd., 236 App. Div. 193.)

It follows that petitioner properly invoked the rights to which he is entitled as an exempt volunteer fireman under section 22 of the Civil Service Law which protects him against removal " except for incompetency or misconduct shown after a hearing upon due notice upon stated charges."

The order from which appeal is taken should be affirmed, with costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Order affirmed, with costs.