*221
 
 Henderson, Judge.—
 

 The deputation given to
 
 McMurray
 
 expired with the appointment of his principal, as the principal could not suj,st;tute another in an office which the. principal did not then hold ; the deputation I presume, would so have expired, even if it contained words importing a substitution in future years, when the Sheriff might be re-appointed, but certainly it is so when general words only are used, as in the present case.
 

 The only evidence we have of the extent of the deputation is contained in the recitals of the bond and condition, the former describes
 
 Bonner
 
 as “now
 
 Sheriff of Stokes”
 
 and the latter recites that he “ has appointed
 
 McMurraij
 
 one of his deputies,” it would therefore be inconsistent as well with authority as reason, to extend against sureties the obligations of this bond to the faithful discharge of any other duties, than
 
 those
 
 arising from the deputation which ho then held. In support of this, I refer to 6
 
 Bast.
 
 507 — 2
 
 Saunders
 
 412, and the other authorities cited in the argument. . We must confine ourselves therefore, to the breaches at June, 1814, when
 
 Banner’s
 
 appointment, expired.
 
 McMurray
 
 was then in default in the sum of ¡¡§191 69, and this breach is within the obligations of the bond, for this sum then with interest, judgment would be rendered, were it not that in June, 1815,
 
 McMurray
 
 was in advance to the amount of $176 67, in other words,
 
 Banner
 
 owed him that sum.— However,
 
 McMurray
 
 and
 
 Banner
 
 might themselves have settled it, if no other persons were concerned, yet where sureties are concerned the fact of
 
 Banner’s
 
 having so much money in his hands belonging to
 
 McMurray
 
 was
 
 ipso facto,
 
 a satisfaction even in a Court of Law, of the breach as far as it would go, and it was out of the power of
 
 Banner
 
 and
 
 McMurray
 
 by any agreement either express or implied, to appropriate it to other purposes, thereafter to happen. I say thereafter to happen, for
 
 *222
 
 bad there been at the time, any other debt due to
 
 Banner
 
 from McMurray,
 
 McMurray
 
 might upon paying it, have applied it to that debt, or in his default of making the application, that right devolved on
 
 Banner ;
 
 or if
 
 McMurray
 
 l)ad paid upon any special agreement, or for a particular purpose, it would not ha\ e operated, as satisfaction for the default. But where money falls into the hands of the creditor rightfully, and by the debtor’s consent for no definite and particular purpose, when sureties are concerned, and the creditor has but the one demand, it operates
 
 ipso facto
 
 a discharge of the obligation, for such application can then do neither the creditor nor the principal debtor any wrong, and in the absence of all evidence why it was placed there, the presumption is irresistible that it was placed there in satisfaction of the obligation
 
 ;
 
 which presumption, the creditor and principal debtor may do away or destroy as between themselves by their after conduct; but the rights of others sureties, cannot be effected by their acts. As to the payment of the S315 at June Term, 1816,
 
 McMurray
 
 not having made the application when he paid it, and being then indebted to
 
 Banner
 
 in a larger amount, the right of application belongs to
 
 Banner.
 

 The judgment therefore, should be for the difference between the sum of S191 69 and St67 67,with interest.
 

 Per curiam. — Judgment reversed, and judgment for the Plaintiff for the lesser sum.