# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

PATRICK EGAN *vs.* CITY OF ST. PAUL *et al.*

Argued Jan. 12, 1894.   Reversed Feb. 26, 1894.

No. 8498.

**Duration of office of an appointee.**

> The committee having charge of the combined courthouse and city hall building in the city of St. Paul, under the provisions of Sp. Laws 1889, ch. 64, § 6, and authorized to appoint a janitor, a custodian, and such other employés as may be deemed necessary, has no power to appoint any of these employés for a period of time extending beyond the year for which the appointive members of said committee are themselves appointed.

Appeal by defendants, the City of St. Paul and the Board of County Commissioners of Ramsey County, from an order of the District Court of said county, *John W. Willis* and *Charles D. Kerr*, JJ., entered, July 10, 1893, denying their motion for a new trial. The case is stated in the opinion.

*Leon T. Chamberlain,* City Attorney, *Pierce Butler,* County Attorney, and *Hermon W. Phillips,* for appellants.

Egan was a public officer and no term of office being fixed by the statute under which he held, he was removable at pleasure by the committee appointing him. *State* v. *Alt,* 26 Mo. App. 673; *People ex rel.* v. *Whitlock,* 92 N. Y. 191; *People ex rel.* v. *Fire Commission-*

v.57M.—1

ers, 73 N. Y. 437; *People ex rel.* v. *Robb*, 126 N. Y. 180; *Carr* v. *State*, 111 Ind. 101; *Ex parte Hennen*, 13 Pet. 225; *State ex rel.* v. *Somers*, 35 Neb. 322; *State ex rel.* v. *Smith*, 35 Neb. 13.

Where the power of appointment is conferred in general terms and without restriction the power of removal, in the discretion and at the will of the appointing power, is implied and always exists unless restrained and limited by some other provision of law. *Bergen* v. *Powell*, 94 N. Y. 591; *Ex parte Hennen*, 13 Pet. 230 ; *Laimbeer* v. *Mayor*, 4 Sandf. 109; *Avery* v. *Inhabitants of Tyringham*, 3 Mass. 159 ; *Blake* v. *United States*, 103 U. S. 227; *People ex rel.* v. *Thompson*, 94 N. Y. 451; *People* v. *Mayor of N. Y.*, 5 Barb. 43.

It is contrary to public policy under our form of government to permit the appointment to office for a term extending beyond the term of those making the appointment. The same is also true respecting the making of contracts to accomplish the same purpose. 1 Dillon Municipal Corp., § 89; *Trowbridge* v. *Newark*, 46 N. J. Law, 140 ; *Kirkham* v. *Russell*, 76 Va. 956 ; *Stevenson* v. *School Directors*, 87 Ill. 255 ; *Davis* v. *School Directors*, 92 Ill. 293; *Board of Com'rs* v. *Taylor*, 123 Ind. 148.

*C. D. O'Brien,* for respondent.

The plaintiff was not a public officer. He gave no bond, he took no official oath, he executed no public function or trust. He was nothing more than the head janitor of the building, and the performance of his duties involved no public function. It is difficult to understand why the committee were not authorized to fix the term of service as well as the other conditions pertaining to the employment, and if they did so in the exercise of a sound discretion the court will sustain their contract, unless it is shown to be, either contrary to the law, or to public policy, or unreasonable. Sp. Laws 1889, ch. 64.

It is not contrary to public policy for a municipal corporation, public body or officer to enter into a contract for a term exceeding the term of office of the particular persons acting on behalf of such municipal corporation, public body or officer. If it were, all contracts such as the leasing of buildings or grounds for public purposes, contracts for public improvements, for supplies of any de-

scription, such as furnishing water, lighting a city, or any other contract necessary to be made on behalf of municipal corporations, whether the same be state, county, city or township organizations, would be so limited. It is not asserted here that this contract is unjust, unnecessary, immoral or unreasonable. How then can it be contrary to the public policy? *Bennett* v. *Morton,* 46 Minn. 113; *Lilley* v. *Elwin,* 11 Q. B. 742; *Vail* v. *Jersey L. F. Mfg. Co.,* 32 Barb. 564.

COLLINS, J. By Sp. Laws 1889, ch. 64, § 6, it was provided that, when completed, the combined courthouse and city hall building in the city of St. Paul should be under the charge of a committee of seven, namely, the mayor of the city; three members of the city council, to be appointed annually by the president of said council; and three members of the board of county commissioners, to be appointed annually by the chairman of the board. This committee was given "power to appoint such janitor, custodian and other employés as they shall deem necessary for the proper care and management of said building, and at such compensation as said committee shall determine." At a meeting of this committee held May 29, 1891, the following was adopted: "Resolved, that we proceed to elect a custodian and chief engineer for two years, term commencing June 1, 1891, to June 1, 1893." The plaintiff was chosen as custodian at the same meeting, and his salary fixed at $1,800 per annum; and on June 1, 1891, he entered upon the discharge of his duties. July 1, 1892, the committee, by resolution, reduced the salary of custodian to $1,200 per year; and on July 29th one Bigue was by said committee appointed such custodian, commencing August 1st. Bigue relieved plaintiff on the day last named, and the latter has not acted as custodian since that day, although alleging in his complaint a readiness and willingness to do so; and this action was brought to recover salary, at the rate of $1,800 per annum, for five months, commencing with August, 1892. The question involved is the right of the committee to drop the plaintiff, as custodian of the building, after he had served fourteen months, and to appoint another custodian. It is the contention of plaintiff's counsel that by the adoption of the resolution on May 29, 1891, whereby it was resolved that a custodian be elected

for a two-years term, plaintiff's election as such custodian, and acceptance of the place by entering upon the discharge of his duties, a contract for the full period of two years was entered into, which could not be terminated by either party without good cause shown, and it was not claimed that good cause existed in the present case. Evidently, the court below took this view, when ordering judgment in plaintiff's favor for five months' salary, at $1,800 per year, and adhered to it when denying defendants' motion for a new trial.

It will be noticed that although the committee is a continuing one, and, to be eligible to it, a person must be mayor of the city, or a member of certain official bodies, the *personnel* thereof may change every year, except the mayor, who holds that office for two years, and, as a consequence, serves upon the committee for the same length of time. Should a mayor be re-elected, he would serve on the committee more than two years; and, should a reappointment be made by the president of the council or by the chairman of the board, an alderman or a commissioner might serve more than one year. But, under the charter provisions, there might be six new men on the committee every year, and the entire committee might be composed of new men every second year. Therefore, the rule established by the decision of the lower court is that public officers upon whom is devolved the duty of selecting persons to render daily routine services, of a very common character, about a public building, have the power to enter into contracts with these persons, which, both as to terms of service and compensation, will bind the public, and will deprive their successors in office from making any changes, except for such causes as would relieve the master from the obligations of a contract entered into with a servant. No authority can be found which will sustain such a rule of law. Should this doctrine prevail, the committee in question could have contracted with plaintiff for his services as custodian for a period of three, four, or five years, as well as for two years. The term of years, and the compensation to be paid, would, if the right be conceded at all, necessarily be within the somewhat unlimited discretion of the committee. Authorized to appoint a janitor, a custodian, and, in general language, such other employés as may be deemed necessary, the committee could, on any day during the

year, enter into a time contract with any employé, from janitor down to scrub woman, for no distinction can be made, based upon the kind of work performed by the employé. If a custodian can be permitted to bind the public with a contract, so can the most menial employé about the premises.

Under this doctrine, places, with excessive salaries attached, could be made for a host of political friends by the members of an outgoing committee; and their successors would be powerless,— practically unable to change the force, or to drop persons not needed, or to reduce their compensation. A rule of this kind in the public service would prove intolerable. It is not even the law relating the public officers, for, where the tenure of an appointive office is not prescribed by the constitution or by statute, the appointee holds at the will of the appointing power and of himself, and he may be removed by the former at pleasure. *In re Hennen,* 13 Pet. 255; *People* v. *Fire Com'rs,* 73 N. Y. 437. The cases on this proposition are collated in 19 Am. & Eng. Enc. Law, 562, note f.

The charter provisions under consideration contemplate, undoubtedly, an annual reorganization of the committee which is to have charge of the public building, and that the members comprising this committee from year to year shall exercise full power, and have complete control over it during the time for which they serve. To have charge and exercise control over the building, the committee must be given full power, within reasonable limits, of course, to determine the number and kind of employés needed, in addition to the janitor and custodian, to select all employés, and to fix their compensation. The facts here do not require us to decide whether a committee may at pleasure dismiss an employé, and we simply hold that the committee in charge for the municipal year ending in June, 1892, could not in any manner select or designate a custodian for any portion of the subsequent year.

There is a class of cases in which the employment of a person— such, for illustration, as a teacher—for a period beyond the terms of office of the members of the board or committee making the contract is upheld. The result here is not opposed to that class.

The order appealed from is reversed, and, on the remanding of the case, judgment may be entered for defendants.

(Opinion published 58 N. W. 267.)