In the Matter of the Application of CHAPIN TIFFANY, Appellant, for a Writ of Mandamus against the MAYOR AND COMMON COUNCIL OF THE CITY OF JAMESTOWN, Respondent.

OFFICERS—EXPIRATION OF TERM DOES NOT CONSTITUTE REMOVAL FROM OFFICE WITHIN THE MEANING OF THE CIVIL SERVICE ACT. The Civil Service Act (L. 1899, ch. 370) does not prevent an office from becoming vacant by operation of law through the expiration of the term fixed by statute, and when his term expires an incumbent is not "removed" within the meaning of section 21 ; that provision, therefore, of the charter of the city of Jamestown (L. 1886, ch. 84, tit. 2, § 2) providing that the term of a policeman "shall be one year," is not so inconsistent with the later act that a policeman whose term of office had expired and who was not reappointed, is entitled to a mandamus compelling his reinstatement upon the ground that he was a veteran and had been "removed" from such office in violation of the Civil Service Act.

*Matter of Tiffany*, 88 App. Div. 620, affirmed.

(Argued November 15, 1904; decided November 29, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 6, 1904, which affirmed an order of Special Term denying a motion for a writ of mandamus to compel the reinstatement of the relator to the office of policeman in the city of Jamestown.

In March, 1896, the relator, a veteran of the Civil war, passed the civil service examination for the position of policeman in the city of Jamestown and soon after he was appointed special policeman by the mayor and common council. By successive appointments, made annually, he continued to fill that office until July 3, 1899, when he was appointed a regular policeman to fill a vacancy caused by resignation. He was reappointed to that position for several terms and the last appointment, dated April 7, 1902, stated that "the term for which said regular policemen are appointed will expire with the Monday following the annual city election to be held in the year 1903." In due time after the spring election in 1903 he applied for reappointment, but was not appointed because he failed to pass the physical examination made by physicians

selected by the municipal civil service commission. The com-
missioners having certified that he was physically incompetent
to perform the duties of the office in question, Napoleon
Neustrom, one of the three eligible applicants duly certified by
the commission, was appointed to the position for the ensuing
year. In September, 1903, the relator moved at Special
Term for a writ of mandamus commanding the mayor and
common council to declare void the appointment of said
Neustrom and to reinstate the relator. The order denying
the motion having been unanimously affirmed by the Appel-
late Division, the relator appealed to this court.

*H. J. Swift* and *Parton Swift* for appellant. The posi-
tion of patrolman in the city of Jamestown comes within and
is governed by the Civil Service Law. (*People ex rel. v.
Knox,* 57 App. Div. 155.) That part of the charter of
Jamestown limiting the term of office of a policeman to one
year is repealed by the Civil Service Law. (*State v. Board,*
38 Atl. Rep. 842; *People ex rel. v. Brady,* 49 App. Div.
238; *People ex rel. v. Constable,* 65 App. Div. 176; *People
ex rel. v. French,* 52 Hun, 464; *People ex rel. v. Peck,* 73
App. Div. 79; *People ex rel. v. Wells,* 86 App. Div. 270;
*People ex rel. v. Trustees,* 61 App. Div. 71; *People ex rel. v.
Bryant,* 28 App. Div. 480; *People v. Follett,* 24 Misc. Rep.
510; *Pratt v. Phelan,* 67 App. Div. 349.)

*James L. Weeks* for respondent. The term of office of a
policeman in the city of Jamestown is one year. (L. 1886,
ch. 84, tit. 2, § 2; *People ex rel. v. Crane,* 164 N. Y. 166;
*Davis v. Supreme Lodge,* 165 N. Y. 159; *Casterton v.
Vienna,* 163 N. Y. 368; *People v. Harris,* 123 N. Y. 70;
*People ex rel. v. N. Y. C. P.,* 101 N. Y. 195; *Nichols v.
McLean,* 98 N. Y. 458; *McKenna v. Edmundstone,* 91
N. Y. 231.) The applicant was not removed from office.
(*People ex rel. v. Trustees of Albion,* 61 App. Div. 71;
*People ex rel. v. Follett,* 24 Misc. Rep. 510; *People ex rel.
v. Scannell,* 53 App. Div. 161.)

*Per Curiam.* The question presented by this appeal is whether that part of the charter of the city of Jamestown, passed in 1886, which fixed the terms of policemen at one year, was repealed by the Civil Service Law passed in 1899. (L. 1886, ch. 84, tit. 2, § 2.; L. 1899, ch. 370, §§ 21, 29.) There was no express repeal, but it is claimed that section 21 of the Civil Service Law is so inconsistent with section 2 of tit. 2 of the city charter that the latter was repealed by implication. Section 21 provides in substance that no veteran of our wars holding a position by appointment or employment in state, city, county, town or village " shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges and with the right of such employee or appointee to a review by a writ of certiorari." Section two of title 2 of the charter provides that the term of office of policemen in the city of Jamestown shall be one year.

The repeal of a statute by implication is not favored by law, for when the legislature intends to repeal an act it usually says so expressly, as it did when enacting the Civil Service Law, by which seventeen statutes were repealed by express mention. (§ 29.) When, however, two statutes are so hostile that both cannot stand, or the later covers the entire ground of the earlier, or is obviously intended as a substitute therefor, the last enactment of necessity governs, for it is presumed to express the last intention of the lawmakers. In order to have this effect, the repugnancy must be so palpable that upon reading the two acts together it is obvious, without the aid of elaborate argument, that both could not have been intended to remain in force at the same time. If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for both acts, that construction should be adopted. In other words, if the old and the new law, by any reasonable interpretation, can stand together, there is no repeal by implication. " This rule has peculiar force in the case of laws of special and local application, which are never to be deemed to be repealed by general legislation,

except upon the most unequivocable manifestation of intent to that effect." (Cooley's Const. Lim. [5th ed.] 183; Black's Interpretation of Laws, 112; Sutherland on Statutory Construction, 179; Sedgwick on Statutory Construction, 95; Smith's Commentaries, 879; 26 Am. & Eng. Encyc. 715.)

The Civil Service Law is a general act that applies to the entire state, while the charter of the city of Jamestown is a local act which applies only to the territory embraced within the corporate limits of that city. The former does not cover the entire ground of the latter, nor was it intended as a substitute therefor. There is no necessary inconsistency between the two, for they can be read together and an appropriate field of operation assigned to each. The Civil Service Act was not intended to prevent an office from becoming vacant by operation of law through the expiration of the term fixed by statute. When his term expires the officer is not removed, for removal requires affirmative action. The aim of the statute was to protect the incumbents of those positions which previously had been of indefinite tenure, and, hence, subject to arbitrary removal by the appointing power. The legislature did not intend to reach out to every city and village in the state and repeal that part of the charter which gave a definite term to certain offices filled by appointment. Its primary object was to make merit and fitness, as ascertained by competitive examination, the basis of appointment to office and to protect the appointee to an office, with no fixed term, from removal without cause shown after an opportunity to be heard. Hence, the charter in question which provides that the term of office of the "street commissioner, firewarden, poundmaster, sealer of weights and measures, constables, game constables, chief of police and policemen" shall be one year, is not so inconsistent with the later act having the object already pointed out, that both cannot stand together. No repeal was intended, because both statutes can be harmonized and each enforced without conflict with the other. A fair and reasonable construction removes all repugnancy and leaves both in operation as the legislature is presumed to have

intended. Any other construction would be far reaching in its effect, for it would make permanent many offices in counties, cities, towns and villages which have been generally treated as having fixed terms and have been filled accordingly. A practical construction put upon a statute by the officers called upon to carry it into effect, if generally acquiesced in for a considerable period of time, is strong evidence of the real meaning of the law. (Black on Interpretation of Laws, 220.)

We think that the relator was not removed from office, but that his term as fixed by law expired and the proper authorities had the right to appoint a successor, who thereupon held the position with the right and tenure, formerly enjoyed by himself.

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order affirmed.