HOUSTEN v. JEWETT.

STATUTES—CONSTITUTIONAL LAW—DISCONTINUING HIGHWAY.
Provision in Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4287 *et seq.*), for proceedings for discontinuance of highway by township highway commissioner, on petition of freeholders, is within title of said act providing for election and defining powers and duties of township highway officials, and therefore is not open to objection that it is unconstitutional because title does not conform to requirement of Constitution (article 5, § 21) that no law shall embrace more than one object, which shall be expressed in its title.

Appeal from Ogemaw; Smith (Guy E.), J. Submitted October 9, 1929. (Docket No. 47, Calendar No. 34,463.) Decided December 3, 1929.

Bill by Victoria Housten and others, resident taxpayers, against Harry M. Jewett and John Miller, highway commissioner of Cumming township, Ogemaw county, to set aside proceedings to discontinue certain highways. From a decree dismissing bill of complaint, plaintiffs appeal. Affirmed.

*Frederick W. Newton* and *W. J. Nash,* for plaintiffs.

*Earl R. Chapin,* for defendants.

POTTER, J. Plaintiffs, residents of the county of Ogemaw, as freeholders and taxpayers, filed a bill of complaint against defendants to set aside proceedings taken by the highway commissioner for closing certain highways in the township of Cumming, Ogemaw county; for an injunction restraining defendants from closing, obstructing, or interfering with the free use of the highways mentioned and described in the bill of complaint, and for damages. From a decree for defendants, plaintiffs appeal.

After the decree of the trial court was rendered, a stipulation was filed providing:

"The parties hereby stipulate and acknowledge that the several proceedings had and taken with reference to the closing of said highways from the petition to close said highways to the order declaring them closed, are in due and regular form and it conclusively appears on the face thereof that said proceedings were taken and had in due and proper time according to law; that said petitions were signed by the requisite number of voters and that the statutory requisites were fully complied with to make them legal, binding and of full force and effect."

The proceedings attacked were taken under the provisions of Act No. 283, Pub. Acts 1909, entitled:

"An act to revise, consolidate and add to the laws relating to the establishment, opening, improvement, maintenance and use of the public highways and private roads, the condemnation of property and gravel therefor; the building, repairing and preservation of bridges; setting and protecting shade trees, drainage, cutting weeds and brush within this State and providing for the election and defining

the powers, duties and compensation of State, county, township and district highway officials." 1 Comp. Laws 1915, chap. 86, § 4287 *et seq.*

It is argued by plaintiffs that, nothing being said in the title of this act about discontinuing highways, proceedings by the township highway commissioner to discontinue highways are unwarranted, because, though provided for in the body of the act, they are not covered by the title thereof, and hence such provisions of Act No. 283, Pub. Acts 1909, as are here involved are unconstitutional because violative of section 21 of article 5 of the Constitution, which provides:

"No law shall embrace more than one object, which shall be expressed in its title."

The title of Act No. 283, Pub. Acts 1909, is one providing for the election and defining the powers and duties of township highway officials. Among the township highway officials provided for, whose powers and duties are defined therein, are the commissioners of highways of townships. Among the powers and duties of the commissioner of highways of a township is to carry on proceedings to discontinue highways within his township when such proceedings shall have been initiated by seven or more petitioning freeholders. 1 Comp. Laws 1915, §§ 4288–4293.

The statute is not objectionable on the ground stated. *People* v. *Mahaney,* 13 Mich. 481; *People* v. *Hurlbut,* 24 Mich. 44, 56 (9 Am. Rep. 103); *Wardle* v. *Townsend,* 75 Mich. 385 (4 L. R. A. 511); 36 Cyc. p. 1042.

The decree of the trial court is affirmed, with costs.

North, C. J., and Fead, Butzel, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.