## LOCKWOOD v. STOLL.

1. CONSTITUTIONAL LAW—STATUTES—TITLE—COUNTY OFFICES.
   Act No. 381, Local Acts 1879, relating to appointment of clerks
   and deputies in county offices, and their compensation and
   duties, is not in conflict with provision of State Constitution
   that no law shall embrace more than one object, which shall
   be expressed in its title (Const., art. 5, § 21).

2. OFFICERS—VETERANS' PREFERENCE ACT—EMPLOYEES IN REGISTER
   OF DEEDS' OFFICE—REINSTATEMENT.
   Appointment of clerks and employees in office of register of
   deeds does not extend beyond term of register making appoint-
   ment, and therefore they are not entitled to reinstatement,
   under veterans' preference act, after their discharge by new
   officer (Act No. 381, Local Acts 1879; 1 Comp. Laws 1929,
   § 900 et seq.).

Appeal from Wayne; Ferguson (Homer), Mer-
riam (DeWitt H.), and Miller (Guy A.), JJ. Sub-
mitted June 20, 1933. (Calendar No. 37,328.) De-
cided October 2, 1933.

Separate petitions for mandamus by Herbert E.
Lockwood and others to compel Harold E. Stoll,
register of deeds of Wayne county, and others to
continue them as employees in county offices. Writs
granted. Defendant Stoll appeals. Reversed, and
writs dismissed.

*Payne & Payne* (*Thomas W. Payne* and *Albert
McClatchey,* of counsel), for plaintiffs.

*Kelly, Kelly & Kelly,* for defendant Stoll.

CLARK, J. At the expiration of his term of office, Otto Stoll was succeeded by Harold E. Stoll, as register of deeds of Wayne county. Some of those employed in the office by the former register were not retained by the latter. Some of them were ex-service men who instituted mandamus in the Wayne circuit court to compel the present register of deeds to continue them in the employment and urged right of preference under so-called veterans' preference act (1 Comp. Laws 1929, § 900 *et seq.*, as amended). Plaintiffs contend they are not appointees or employees of the register of deeds but of the county itself by its board of auditors under 1 Comp. Laws 1929, § 1233, and that their rights to hold their positions did not expire simultaneously with the expiration of the term of office of Otto Stoll, the register of deeds who appointed or employed them.

Defendant contends that, under Act No. 381, Local Acts 1879, the register of deeds has sole power of appointment of clerks and deputies in his office, and that such power has always been so exercised, which is the fact.

Plaintiffs reply that the local act is unconstitutional, in that it offends section 21, art. 5, State Constitution, which provides in fact: "No law shall embrace more than one object, which shall be expressed in its title." The trial court so found, and ordered writ to issue. Defendant has appealed. The title of the local act is:

"An act to provide for the compensation and to prescribe the duties of certain officers of the county of Wayne."

The sections of the act relate to compensation and duties of the officers. Salaries are fixed, collection and accounting of fees directed, and duties respect-

ing employment of clerks and deputies are imposed, and the register of deeds is directed to appoint his clerks and deputies. These matters are clearly within the title. This question has had much discussion in the books and repetition is unnecessary. See *People, ex rel. Drake,* v. *Mahaney,* 13 Mich. 481; *Wardle* v. *Townsend,* 75 Mich. 385; *Housten* v. *Jewett,* 248 Mich. 587; *People, ex rel. Sec'y of State,* v. *State Ins. Co.,* 19 Mich. 392; *People* v. *Hurlbut,* 24 Mich. 44, 56 (9 Am. Rep. 103); *People, ex rel. Harrington,* v. *Wands,* 23 Mich. 385; *Gratiot County Supervisors* v. *Munson,* 157 Mich. 505.

The appointment or employment of plaintiffs by Otto Stoll did not extend beyond his term. Their right to their positions expired simultaneously with the expiration of his term. *Trainor* v. *Board of Wayne County Auditors,* 89 Mich. 162 (15 L. R. A. 95); *In re Tiffany,* 179 N. Y. 455 (72 N. E. 512); *Banner* v. *McMurray,* 12 N. C. 218; *Egan* v. *City of St. Paul,* 57 Minn. 1 (58 N. W. 267).

The veterans' preference act is therefore not here applicable.

In this view of the case, the contention of defendant that certain of the positions were abolished calls for no discussion. The case as briefed and submitted presents no other question requiring consideration.

Reversed, and dismissed.

This opinion was written by Justice CLARK before his retirement and is now concurred in by the other members of the court.