LeMont *v.* VanWagoner.

MANDAMUS—VETERANS' PREFERENCE ACT—REINSTATEMENT.

War veteran who was discharged by State highway commissioner without reason and denied hearing before governor *held*, entitled to mandamus for reinstatement under veterans' preference act (1 Comp. Laws 1929, §§ 900, 901, as amended by Acts Nos. 66, 67, Pub. Acts 1931).

Petition by Edwin G. LeMont for mandamus to compel Murray D. VanWagoner, State highway commissioner, to reinstate him as rodman. Submitted April 24, 1934. (Calendar No. 37,505.) Writ granted June 4, 1934.

*L. A. Vincent,* for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *Perry A. Maynard,* Assistant Attorney General, for defendant.

FEAD, J. Invoking the veterans' preference act, 1 Comp. Laws 1929, §§ 900–903, as amended by Acts Nos. 66, 67, Pub. Acts 1931, plaintiff prays writ of mandamus to compel the State highway commissioner to reinstate him in his employment as rodman in the highway department. Issues of fact raised by the pleadings have been tried.

The present commissioner was elected for a four-year term, 1 Comp. Laws 1929, § 4020, and took office July 1, 1933. In May he notified all employees of the department that after July 1st they would be working on a day-to-day basis. Plaintiff, who had worked in the department for five years, continued

in the service as a rodman until his discharge on August 10th.

The record shows no reason for his discharge. A few days before, he had been transferred from one road building job to another. Neither was completed when he was dismissed. There was work for him on either job and elsewhere in the department. Other rodmen were being hired to replace him and others discharged. Plaintiff followed the requirements of the statute in demanding a hearing before the governor and for reinstatement. No hearing was granted him.

It is claimed plaintiff's employment under the former commissioner expired with the latter's term. *Abt* v. *Wilcox*, 264 Mich. 183; *Lockwood* v. *Stoll*, 264 Mich. 598. But plaintiff was employed by the present commissioner, although on a day-to-day basis. The statute makes no distinction as to the length of term or character of employment. Having been employed under the present commissioner, plaintiff's discharge was in violation of the statute and he is entitled to reinstatement.

Writ granted, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.