KELLY *v.* SECRETARY OF STATE.

1. OFFICERS—CIVIL SERVICE—UNCLASSIFIED SERVICE.

   The civil service commission has no jurisdiction at all over the unclassified service (Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939).

2. CONSTITUTIONAL LAW—ADMINISTRATIVE CONSTRUCTION OF STATUTES.

   While a court would take notice of a construction given in the administration of doubtful or obscure laws by officers with a duty to perform thereunder, in the final analysis the construction of a statute remains in the judicial branch of the government.

3. OFFICERS—CIVIL SERVICE—VETERANS' PREFERENCE ACT—UNCLASSIFIED SERVICE.

   The civil service act does not repeal the veterans' preference act insofar as the unclassified service is concerned (1 Comp. Laws 1929, §§ 900–903, as amended by Acts Nos. 66, 67, Pub. Acts 1931; Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939).

4. SAME—BRANCH MANAGER UNDER SECRETARY OF STATE—HOLDING OVER—VETERANS' PREFERENCE ACT.

   War veteran who held over position as branch manager under secretary of State after it was removed from classified service by amendment of the civil service act but was not appointed by then incumbent secretary of State was not, by such holding over, reappointed so as to be within the protection of the veterans' preference act (1 Comp. Laws 1929, §§ 900–903, as amended by Acts Nos. 66, 67, Pub. Acts 1931; § 3280).

5. SAME—HOLDING OVER.

   In the absence of a contrary binding regulation, an officer may continue after the expiration of his term to exercise the duties of his position until his successor is selected and qualified, but the right to position by an appointee expires by operation of law with the term of office of the appointing officer (1 Comp. Laws 1929, § 3280).

6. MANDAMUS—REINSTATEMENT TO OFFICE—COSTS—PUBLIC QUESTION.

   No costs are allowed upon denial of mandamus for reinstatement to war veteran who held over office of branch manager after

position was removed to unclassified service, and who was not reappointed by then incumbent superior, a public question being involved (1 Comp. Laws 1929, §§ 900–903, as amended by Acts Nos. 66, 67, Pub. Acts 1931; Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939).

Petition by William J. Kelly for a writ of mandamus to compel Harry F. Kelly, Secretary of State, to reinstate petitioner as branch manager of the Bay County branch office of the Secretary of State. Submitted April 23, 1940. (Calendar No. 40,811.) Writ denied June 3, 1940. Rehearing denied September 6, 1940.

*Joseph V. Coumans,* for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *Kenneth G. Prettie,* Assistants Attorney General, for the defendant.

SHARPE, J. This is a petition for a writ of mandamus to compel defendant, secretary of State, to reinstate plaintiff as branch manager of the Bay county office of the secretary of State.

The facts are not in dispute. Plaintiff, an honorably discharged war veteran, was appointed to the position of branch manager of the Bay county office of the secretary of State on January 1, 1937, by a former secretary of State and continued in the office until July 1, 1939, when a summary notice of dismissal took effect. On July 11, 1939, plaintiff filed his protest and application for a hearing under the veterans' preference act (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 901, Stat. Ann. §4.1222]) with the governor of Michigan, but was denied a hearing upon the theory that the civil service law (Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 402-1 *et seq.*]) had repealed the veterans' preference act. At the time

of his dismissal, plaintiff's position was in the unclassified service of the State by virtue of Act No. 97, Pub. Acts 1939, effective May 15, 1939. Plaintiff remained in the unclassified service of the State until his discharge July 1, 1939, a period of 45 days.

Plaintiff contends that the amendatory civil service act effective May 15, 1939, specifically excludes the unclassified service from the operation of the act and does not repeal sections of veterans' preference act insofar as "unclassified veterans" are concerned; that plaintiff's employment from May 15, 1939, to July 1, 1939, was employment within the terms of the veterans' preference act; and that plaintiff is entitled to compensation at the rate of $1,800 per year from the date of dismissal to the date of reinstatement.

The veterans' preference act (1 Comp. Laws 1929, §§ 900-903, as amended by Acts Nos. 66, 67, Pub. Acts 1931) provides that no veteran shall be discharged from an office or employment in any public department except after a full hearing before the governor of the State. The civil service act (Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939) provides:

"SEC. 28. * * * All acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed. Act number two hundred five of the public acts of eighteen hundred ninety-seven, as amended, being sections nine hundred to nine hundred three, inclusive, of the compiled laws of nineteen hundred twenty-nine (veterans' act), is hereby repealed only insofar as inconsistent with the provisions of this act."

The civil service act attempts to retain all of the parts of the veterans' preference act which can be retained consistently with the civil service act. The first six sections of the civil service act deal with the purpose of the act and with the setting up of the civil

service commission. These sections are not in conflict with the veterans' preference act. The seventh section defines classified and unclassified services. Sections eight to seventeen inclusive deal with rules governing those in classified services, *i. e.*, examinations and ratings, and rules as to suspension, lay-offs, transfers and others. In each instance, the section is specifically made to apply to classified service. Section 18 provides for regulation of hours of service, vacations and sick leaves, while section 19 provides for the making of service ratings by the director. The provisions of the act which affect the hiring and discharging of officers and employees pertain entirely to the classified services.

The case of *Sullivan* v. *State Board of Tax Administration*, 290 Mich. 664, 671, dealt with the discharge of a veteran in the classified service. In speaking of the unclassified service, we there said, "The civil service commission now has no jurisdiction at all over the unclassified service." The terms of the civil service act apply to the classified service.

It is urged by defendant that it has been the practice of three governors of the State of Michigan to deny hearings under veterans' preference act upon the theory that in their opinion that act has been repealed by the civil service act. We have great respect for the opinion of all of our governors and will take notice of a construction given in the administration of doubtful or obscure laws by officers with a duty to perform thereunder, but in the final analysis the construction of a statute still remains in the judicial branch of our government. In our opinion, the civil service act does not repeal the veterans' preference act insofar as unclassified service is concerned.

It is urged by the defendant that plaintiff's term of service expired May 15, 1939, and that he was never appointed or employed by the defendant. The

record before us shows that when plaintiff was first appointed to his position, the civil service law was not in effect; that plaintiff did not pass his qualifying examination until June 26, 1938; that Act No. 97, Pub. Acts 1939, became effective May 15, 1939; that the classified position plaintiff formerly held became an unclassified one by virtue of the above act; and that from May 15 to July 1, 1939, plaintiff was in the employ of the State, but without appointment from the defendant.

Plaintiff contends that the case at bar is controlled by *LeMont* v. *Van Wagoner,* 267 Mich. 663. In that case, plaintiff, a war veteran, filed a petition for reinstatement as rodman in the highway department. Plaintiff had been in the employ of the department for a period of five years and in May, 1933, was notified that beginning July 1, 1933 (the date the new commissioner took office), he would be employed on a day-to-day basis. He was discharged August 10th. We there said:

"Plaintiff was employed by the present commissioner, although on a day-to-day basis. The statute makes no distinction as to the length of term or character of employment. Having been employed under the present commissioner, plaintiff's discharge was in violation of the statute and he is entitled to reinstatement."

The opinion in the above case has for its basis the fact that plaintiff had been hired by the present commissioner. In the case at bar, it is stipulated that "plaintiff was not rehired by defendant after May 15, 1939." The above case has no application and is not controlling of the facts involved in the present controversy, nor does the holding over for a period of 45 days constitute a reappointment by the defendant which would give plaintiff the protection of the veterans' preference act.

Section 3280, 1 Comp. Laws 1929 (Stat. Ann. § 6.593), states:

"The person holding any office shall continue to hold the same, after the expiration of the term thereof, until his successor shall be elected or appointed and qualified."

In *Opinion of the Justices,* 275 Mass. 575 (175 N. E. 644), it is said:

"It is a general principle of expediency in the absence of any binding regulation that an officer may continue after the expiration of his term to exercise the duties of his position until his successor is selected and qualified. This is simply a holding over for convenience and confers no right for any defined period. * * *. It prevents interruption in the performance of the public business. It commonly is in the interests of the general welfare."

Defendant contends that plaintiff's term of employment expired May 15, 1939, and that had it not been for the provisions of the civil service act, plaintiff's employment would have ceased on December 31, 1938, concurrently with the end of the term of office of the appointing authority.

In *Lockwood* v. *Stoll,* 264 Mich. 598, we said:

"The appointment or employment of plaintiffs by Otto Stoll did not extend beyond his term. Their right to their positions expired simultaneously with the expiration of his term. *Trainor* v. *Board of Wayne County Auditors,* 89 Mich. 162 (15 L. R. A. 95); *In re Tiffany,* 179 N. Y. 455 (72 N. E. 512); *Banner* v. *McMurray,* 12 N. C. 218; *Egan* v. *City of St. Paul,* 57 Minn. 1 (58 N. W. 267)."

See, also, *Abt* v. *Wilcox,* 264 Mich. 183.

From the above authority it is clear that the veterans' act does not apply to veterans who have served beyond the term to which they were appointed. In

the case at bar, plaintiff's term of office expired May 15, 1939, by operation of law. He was not reappointed by the present secretary of State.

The petition is denied, but without costs, a public question being involved.

Bushnell, C. J. and Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.