In the Matter of the Application of the MARINE TRUST COMPANY OF BUFFALO, Petitioner, for an Order against EDWIN B. KENN-GOTT, County Clerk of the County of Erie, Respondent.*

Supreme Court, Erie County, July 25, 1940.

*Penney & Penney [Alfred A. Buerger of counsel], for the petitioner.*

*Jacob Tick, Deputy County Attorney,* for the respondent.

*Leroy H. Hurlbert,* for the Buffalo Industrial Bank and Great Lakes Commercial Corp., intervening by leave of court.

DESMOND, J. The petitioner seeks an order of mandamus requiring the county clerk to accept for filing a satisfaction or discharge of a conditional sales contract on payment of the ten-cent fee fixed by section 72 of the Personal Property Law. The county clerk opposes and insists that the required fee is fifty cents under section 70 of that law. There is a clear conflict between these two provisions as to fees, and the court is asked to decide which provision controls. The matter is of substantial importance because of the large number of such instruments probably to be filed and because, by chapter 741 of the Laws of 1940, the Legislature, by an amendment to section 72 of the Personal Property Law, enacted that these satisfaction pieces should, after July 1, 1940, be filed by the *seller,* who for his failure to do so, becomes liable to a forfeit of five dollars and for any damages suffered.

---

* See *Matter of Wurlitzer Co.* v. *Byrne* (175 Misc. 81).— [REP.

Both these sections were enacted in 1922. Section 70 as it then read covered the " filing, entering and indexing " of conditional sales contracts for a fee of ten cents each. Section 72, as it came into the statute books in 1922, provided for the filing of satisfactions of such contracts, likewise for a ten-cent fee to the county clerk. In 1926 section 70 was amended to increase the fee to twenty-five cents for filing the contract and " any assignment or satisfaction of such a contract." At that point the ten-cent provision of section 72 was left unchanged, so that we have since had two contradictory provisions as to the filing fee for satisfactions. In 1937 the filing fee mentioned in section 70 was increased to fifty cents for both contracts and satisfactions. In 1940, effective July 1, the Legislature revamped section 72 to put on the seller, absolutely, the duty of preparing, executing and filing the satisfaction pieces, with the above-mentioned penalties for failing so to do within ten days after payment of the debt. Previously, under section 72, the seller's obligation was only to *furnish* the buyer a satisfaction, *on demand*, with the same penalties for failure to do so. The fee for filing, in section 72, remained without any change, at ten cents.

It is elementary that, when there are inconsistent statutory provisions, it is the later expression by the Legislature that controls. Which expression is later here? The county attorney insists that the later enactment on the subject of filing fees for satisfactions is found in chapter 541 of the Laws of 1937 setting the filing fees for both contracts and satisfactions at fifty cents. He maintains that the amending of section 72 by the 1940 Legislature did not amount to re-enacting the ten-cent fee provision in that statute since 1922; that the legislative intent embodied in the ten-cent provision is as of 1922 and that it has not been re-enacted or renewed so as to permit us to consider it as a legislative expression dated 1940. As his authority, the county attorney cites the leading case of *Ely* v. *Holton* (15 N. Y. 595) where Judge DENIO wrote that " The portions of the amended sections which are merely copied without change, are not to be considered as repealed and again enacted, but to have been the law all along " (p. 598).

The rule of *Ely* v. *Holton* (*supra*) undoubtedly controls the construction of an amended statute when the question is as to the *time of taking effect* of the various parts of the statute, as amended. But I do not think it is the applicable rule here, where the question is as to whether the unamended parts of the statute are to be read with the amending language to find the legislative intent *as of the date of amendment*. This question is answered in the affirmative by the Court of Appeals in *Lyon* v. *Manhattan R. Co.* (142 N. Y.

298, 303), where it is said to be " a settled rule of statutory construction that an original statute with all its amendments must be read together and viewed as one act passed at the same time." This supplies the best answer available to the statutory puzzle now before us. I think section 72 must be read as if the whole of it, old and new, was passed at the 1940 session and that it thus represents a legislative expression as of a date more recent than the latest amendment to section 70.

There are practical reasons why the Legislature may well have intended that a ten-cent fee only was to be charged for filing satisfactions under the new system whereby the filing had to be paid for by the seller. Undoubtedly many more of these instruments will now be filed than was the case when buyers who knew nothing of the law, seldom demanded or got, much less filed, satisfactions of these contracts. The county attorney admonishes me in his brief that " the Court cannot ascribe its personal feelings in the matter to the Legislature." This court, of course, has no " personal feelings " in the matter. But the court cannot avoid the temptation to guess that when the Legislature took the time and trouble to change the whole statutory picture in section 72 as to the filing of these instruments, it most probably read and considered, and was content with, the last sentence of that section fixing a ten-cent fee. The order is granted, without costs.