In the Matter of the Application of THE RUDOLPH WURLITZER COMPANY, Petitioner, for an Order Directing the Register of the County of New York to File and Enter a Satisfaction of Conditional Sale Contract, Pursuant to Section 72 of the Personal Property Law, in Such Cases Made and Provided for, against MARTHA BYRNE as Register of the County of New York, Respondent.*

Supreme Court, Special Term, New York County, September 12, 1940.

*S. C. & S. H. Levine* [*Sidney H. Levine* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Justin D. Reynolds* of counsel], for the respondent.

* Affd., 261 App. Div. 896.

HOFSTADTER, J. The petitioner seeks an order requiring the register of the county of New York to accept for filing a certificate of satisfaction of a conditional sale contract on payment of the ten-cent fee prescribed by section 72 of the Personal Property Law. The respondent has refused the tender of this amount on the ground that pursuant to section 177 of the County Law she, as register, must exact a fee of one dollar and twenty-five cents for such filing.

Section 72 plainly provides that " for filing and entering the statement of satisfaction the filing officer shall be entitled to a fee of ten cents." In section 177 the fee in New York city " for filing, examining and entering a chattel mortgage, an absolute or conditional bill of sale of chattels, any instrument affecting chattels," is stated to be one dollar and twenty-five cents.

The history of these apparently conflicting statutes throws little or no light on the problem as to which governs in the instant case. Each has been in the law for many years, and from time to time has been amended and re-enacted. At no time has there been any attempt to resolve the apparent inconsistency, nor has there been any legislative recognition that any variance exists. Section 72 was last amended by chapter 741 of the Laws of 1940, in effect July 1, 1940, and the fee fixed for filing and entering the satisfaction was continued at ten cents.

The respondent argues that section 72 (the prior enactment originally) was repealed by implication in so far as it affects counties in the city of New York, when section 177 of the County Law was first enacted. Further, that the more recent re-enactment of section 72 (which on its face continued the ten-cent fee in all counties of the State) did not in turn impliedly repeal section 177, for the reason that the latter is a special or local law, referring only to New York city, and the former a law of State-wide application. The mere statement of this argument indicates the basis for the reluctance of a court to rule that a prior law has been repealed by implication. It is clear that the Legislature had no such intention. As the court must assume that the law-making body was cognizant of both provisions, the only logical conclusion is that to the legislative mind the statutes are not in conflict.

If the Legislature had intended to exclude the counties of the city of New York from the operation of section 72, it would have so stated, as in fact it did in section 70 of the same law, where the fee for exactly the same service is fixed at fifty cents " except in the city of New York." In passing it is pointed out that this provision is in conflict with section 72 but *its* operation and scope are not before this court for determination. (See *Matter of Marine*

*Trust Co.* v. *Kenngott,* 175 Misc. 362, where Mr. Justice DESMOND held that section 70 has been superseded by the later enactment of section 72.)

Bearing in mind that an ambiguous taxing statute is construed in favor of the taxpayer (*Dun & Bradstreet, Inc.* v. *City of New York,* 276 N. Y. 198, 204), it is concluded that the statutes under discussion are mutually exclusive and that the filing of a satisfaction of a chattel mortgage is not within the purview of section 177 of the County Law. Section 72 by its terms applies to *all* counties of the State and its language with respect to the fee for filing a satisfaction of a conditional sales contract is most explicit and leaves no room for construction. The doubt engendered by the provisions of the County Law may only be logically resolved, in light of this certainty of expression, by a holding that the phrase " any instrument affecting chattels " as it appears in subdivision 12 of section 177 does not include a certificate of satisfaction of a conditional sales contract. The language employed must be construed in its context and by resorting to the familiar canon of construction embodied in the expressions *ejusdem generis* and *noscitur a sociis,* it becomes patent that the County Law refers only to instruments which *create* rights in chattels, and not to a certificate of satisfaction which *extinguishes* such right and which is the subject of a statute which must be read *in pari materia.*

In this manner both statutes are harmonized without invalidating either or resorting to a strained construction. " If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for both acts, that construction should be adopted." (*Matter of Tiffany,* 179 N. Y. 455.)

Motion is granted. Settle order.