In the Matter of W. L. MAXSON CORPORATION, Petitioner, against HENRY W. RALPH, as Register of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 27, 1944.

*Allan A. O'Gorman* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (William J. Fleming* of counsel), for respondent.

EDER, J. Proceeding under article 78 of the Civil Practice Act. This proceeding is, in effect, an application for an order of peremptory mandamus, directing the respondent, as City Register, to file a satisfaction of a chattel mortgage and a renewal thereof, in the face amount of $11,500,000, upon the payment of a fee of $2.50 therefor. The respondent refused to file said instrument for said fee claiming that by virtue of the provisions of subdivisions 13 and 14 of section 1052–13.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) the fee due to him for filing a satisfaction of a chattel mortgage is $1.25 for each $100,000 or fraction thereof as set forth in the original instrument and that therefore, the proper fee to be paid to him in the instant matter for filing the satisfaction and discharge of the chattel mortgage is the sum of $143.75.

The provisions in question, i. e., subdivisions 13 and 14, were added to said section 1052–13.0 of the Administrative Code by Local Law No. 4 of 1942, in effect April 9, 1942, and read as follows:

" § 1052–13.0. *Fees.*— The register and the county clerk of the county of Richmond when acting as recording officer are entitled for services specified in this section, to the following fees to be paid in advance:

" 13. For filing, examining and entering a chattel mortgage, an absolute or conditional bill of sale of chattels, or a satisfaction of a chattel mortgage or conditional bill of sale or any instrument affecting chattels, or a copy of the foregoing, or a notice of lien on merchandise, or an assignment of any such instrument, one dollar and twenty-five cents.

"14. When the amount involved in a chattel mortgage or other instrument affecting chattels is one hundred thousand dollars or more, the fee for filing and entering the same or any renewal thereof, shall be one dollar and twenty-five cents for each one hundred thousand dollars or fraction thereof, as set forth in the original instrument. Every instrument affecting chattels must be endorsed on the outside thereof with the character of the instrument, the names of all the parties thereto and the location of the property affected thereby, which must be distinguished from the address of the parties by the words ' property located at ', or similar words."

It is thus seen that it is expressly provided by subdivision 13 that the fee for recording a satisfaction of a chattel mortgage is the sum of $1.25. Insofar as the right to charge the additional sum under subdivision 14 is concerned, such a charge is permissible only when the chattel mortgage is presented for recordation or renewal thereof, viz, " for filing and entering the same or any renewal thereof ".

Subdivision 14 is in the nature of a recording tax and finds a companion in section 253 of the Tax Law which deals with a mortgage on real property and imposes a tax of $.50 for each $100 and each remaining major fraction thereof of principal debt or obligation which is or may be secured by such a mortgage. Subdivision 14 does not authorize such a charge as was sought here to be imposed by the respondent for the filing of a satisfaction of a chattel mortgage; the language is clear and unambiguous and I am unable to perceive of any room for any other construction. Such, also, has been the construction given to this provision by the officials in charge of the respondent's office in the chattel mortgage section in each of the five counties of the City, i.e., that the fee charged for filing a satisfaction of a chattel mortgage was $1.25, regardless of the amount of the loan; and the practice now insisted upon has originated with the respondent.

" On the principle of contemporaneous exposition ' common usage and practice under the statute, or a course of conduct indicating a particular understanding of it, will frequently be of great value in determining its real meaning ', especially where it has been acquiesced in (59 C. J., Statutes, § 608, p. 1023), and practical construction by executive, ministerial and departmental officers, while not decisive, will be given due weight (59 C. J., Statutes, § 609, pp. 1025–1028)." (*Matter of Carns* [*Ralph*], 181 Misc. 1047, 1057.)

The respondent erred in his construction of the mentioned provisions and the application of the petitioner is granted. **No** costs. Settle order.