NEW YORK TRAP ROCK CORPORATION, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, October 15, 1953.

*Joseph Diehl Fackenthal* for plaintiff.

*Denis M. Hurley, Corporation Counsel (Irwin L. Herzog* of counsel), for defendant.

HOFSTADTER, J. On this motion by the plaintiff for summary judgment both parties concede that only a question of law is presented. The plaintiff in 1947 executed a chattel mortgage to secure an indebtedness of $5,100,000 — which was duly filed in each of the five counties comprising the City of New York. In December, 1952, the trustee under the mortgage executed and delivered to the plaintiff an instrument by which it released from the lien of the chattel mortgage three named vessels, but retained its mortgage lien on the other properties and vessels still subject thereto. The plaintiff presented this instrument for filing to the register of the City of New York at his office in each of the five counties and, under protest, paid filing fees totaling $318.75, demanded by the register. The plaintiff claims that the lawful fee for filing the instrument in each county is $1.25 and that the total which it should have been required to pay is $6.25. Accordingly, it has brought this action in which it seeks recovery of the excess of $312.50 paid under protest. Resolution of the question involved depends on the interpretation of the applicable provisions of the Administrative Code of the city. Section 1052–13.0 of that code prescribes: " § 1052–13.0 *Fees* — The register and the county clerk of the county of Richmond when acting as recording officer are entitled for services specified in this section to the following fees to be paid in advance: * * * 13. For filing, examining and entering a chattel mortgage, an absolute or conditional bill of sale of chattels, or a satisfaction of a chattel mortgage or conditional bill of sale or any instrument affecting chattels, or a copy of the foregoing, or a notice of lien on merchandise, or an assignment of any such instrument, one dollar and twenty-five cents. 14. When the amount involved in a chattel mortgage or other instrument affecting chattels is one hundred thousand dollars or more, the fee for filing and entering the same or any renewal thereof, shall be one dollar and twenty-five cents for each one hundred thousand dollars or fraction thereof, as set forth in the original instrument. Every instrument affecting chattels must be endorsed on the outside thereof with the character of the instrument, the names of all the parties thereto and the location of the property affected thereby, which must be

distinguished from the address of the parties, by the words ' property located at,' or similar words.''

It is urged on behalf of the city that the release from the lien of the chattel mortgage is not a satisfaction of a chattel mortgage under subdivision 13, but rather an " instrument affecting chattels '' in which the amount involved is more than $100,000, subject to the graduated scale of fees prescribed in subdivision 14. It is now settled that the legal fee for filing a satisfaction of a chattel mortgage is $1.25, notwithstanding that the mortgage may have been given to secure a debt in excess of $100,000 (*Matter of Maxson Corp.* v. *Ralph*, 294 N. Y. 880, affg. 268 App. Div. 753, affg. 182 Misc. 144. See, also, *Matter of Wurlitzer Co.* v. *Byrne*, 175 Misc. 81, affd. 261 App. Div. 896, affd. 286 N. Y. 569, which gave a similar construction to earlier statutes). If, therefore, the plaintiff had tendered for filing an instrument which satisfied the chattel mortgage in its entirety, the fee lawfully collectible would have been $1.25 in each county.

The effect of the release of the lien is to satisfy the chattel mortgage in respect of the chattels released. It thus operates in much the same way as a satisfaction of the entire chattel mortgage, which releases all the property from the lien of the mortgage. In effect, therefore, the instrument here considered is a partial satisfaction. It seems wholly illogical to exact a larger fee for filing a partial satisfaction than for filing a satisfaction of the entire chattel mortgage. The release of lien, being a partial satisfaction, and the whole including all its parts, reason dictates that the fee for filing a satisfaction of the whole mortgage should not exceed that imposed for filing a satisfaction of a part. The plaintiff should not have been required to pay more than $1.25 for filing the release in each county or a total of $6.25. The plaintiff is, therefore, entitled to summary judgment for the excess of $312.50 paid to the register. Settle order accordingly.