Van Voorhis, J.
(concurring). Judge Ftjld’s interpretation of these statutes, it seems to me, agrees with Chief Judge Caedozo’s dissenting opinion in People ex rel. Marcley v. Lawes *36 (254 N. Y. 249). In holding that Marcley could not be sentenced as a fourth offender in that two of his three previous felonies had resulted in suspended sentences, the court necessarily decided that he could not have been sentenced as a third offender. In fact, he was remanded to be sentenced as a second offender pursuant to section 470-b of the Code of Criminal Procedure, as that section was interpreted by the court majority. The Legislature has not changed the ruling in People ex rel. Marcley v. Lawes (supra), although that case was decided a quarter of a century ago. The fact that the Legislature has not intervened is an indication that it has acquiesced in mitigating the severity of the Baumes Law to this extent (People v. Charbineau, 115 N. Y. 433; Matter of Maxson Corp. v. Ralph, 182 Misc. 144, affd. 268 App. Div. 753, affd. 294 N. Y. 880; Faingnaert v. Moss, 295 N. Y. 18).
The interpretation given to section 470-b by the Marcley case (supra) has become the law of the State, and this requires that appellant be sentenced as a second rather than as a third offender. The difference is not meaningless, even though the punishment to be meted out in the discretion of the County Court may be as severe in the case of a second as in that of a third offender. I vote to reverse and remand appellant for resentence in accordance with the direction contained in the opinion by Chief Judge Conway.